### HENRY L. CRANE BOOT & SHOE CO. *v.* TRENTMAN *et al.*

*(Circuit Court, D. Indiana.* March 29, 1888.)

SALE—RESCISSION BY SELLER—TENDER OF MONEY PAID—REPLEVIN—DISPOSITION OF TENDER AFTER JUDGMENT.

M. bought goods on false representations as to his solvency, and, having disposed of $900 worth of them, transferred his whole stock to defendant in payment of prior debts. The seller, having tendered both to defendant and M. $400 paid by the latter on his purchase, brought replevin against both, and deposited the sum in court. *Held* that, defendant not being a *bona fide* purchaser as against plaintiff, plaintiff was entitled to said sum in part payment of the $900 worth of goods disposed of by M.

At Law. On motion for return to defendant of money brought into court to keep good a tender.

The facts are not in dispute. The plaintiff, a corporation engaged in the wholesale shoe trade at Cincinnati, had sold goods to the value of $2,540.50 to Miller, a retail dealer at Fort Wayne. Miller, when he made his purchases of the plaintiff, was insolvent,—the principal part of his indebtedness being to Trentman,—and obtained credit upon his purchases of the plaintiff by means of representations in respect to his solvency which entitled the plaintiff, on learning the facts, to reclaim the goods, and this action (in replevin) was brought for that purpose against both Miller and Trentman; the latter having purchased Miller's entire stock of goods, paying therefor by crediting the price upon his demands against Miller. With this stock of goods Trentman came into possession of shoes or other goods sold by the plaintiff to Miller of the value of $1,640; the remainder ($900 worth) having been sold or disposed of by Miller before the sale to Trentman. Before bringing the action the plaintiff tendered to Miller, and also to Trentman, the sum of $400, paid by Miller on his purchases, and demanded of each a return of the goods. Miller having died, trial was had, and a verdict and judgment rendered against Trentman for a return of that portion of the goods found in his possession, or the payment to the plaintiff of $1,640.50, the assessed value thereof. Upon these facts counsel for Trentman say:

"Our contention is that, this being an action of replevin on the law side of the court, there could be no action maintained without a rescission of the contract under which the goods replevied were obtained. In order to such rescission, it is settled that whatever was received upon the contract must be tendered. The plaintiff has recognized this rule, and proved upon the trial a tender both to the fraudulent vendee and to Trentman, who purchased the goods of him, and has followed this up by bringing the money into court. That such tender must be made and kept good in such an action is settled in

Indiana, and by abundant authority elsewhere. In *Haase* v. *Mitchell,* 58 Ind. 213, the action was against a subsequent purchaser, and it was held that such action could not be maintained without first rescinding the contract by tendering back whatever thing of value had been received upon it. This being necessary, our position is that the tender in this case was properly made to Trentman, as all the rights of Miller had been acquired by him. If the goods are to be replevied from him on the theory that he stands in Miller's shoes, he must be regarded as occupying that position for all purposes, or at least to the extent that, if he must give up the goods, he has the right to receive whatever Miller might have received.

"After looking through the cases cited by the plaintiff, we still insist that the position originally taken by us is correct, and is not rendered untenable by any reason given or authority cited by opposing counsel. We simply contend that, this being an action at law in replevin, there must be a complete restoration of all the plaintiff received, in order to maintain the action, and that where the original vendee has parted with all his rights for a valuable consideration to a vendee innocent of any fraudulent purpose, such remote vendee has the right to have returned to him whatever plaintiff would have been obliged to return to his grantor. That there are exceptions to the rule requiring restoration of what has been received we grant, but we have seen no authority which, in our judgment, leads to the conclusion that this case is such an exception. If Trentman acquired Miller's rights, we maintain that it is not competent for Miller's administrator to make any waiver that could affect the rights of Trentman."

Counsel for plaintiff say, in substance:

That in an action of replevin the court, though a court of law, "has power to modify or shape the judgment so as to meet the equities of the case." *Dilworth* v. *McKelvy,* 30 Mo. 152; *Boutell* v. *Warne,* 62 Mo. 350; *Jones* v. *Evans,* Id. 382; *White* v. *Graves,* 68 Mo. 222; *Dougherty* v. *Cooper,* 77 Mo. 535; *Montieth* v. *Printing Co.,* 16 Mo. App. 453; *Heaps* v. *Jones,* 23 Mo. App. 621; *Duval* v. *Mowry,* 6 R. I. 479; *Nichols* v. *Michael,* 23 N. Y. 273. See, also, *Albright* v. *Griffin,* 78 Ind. 182. That as against Trentman, or any transferee of the goods after they had passed from the possession of the original purchaser, a tender was not necessary. *Stevens* v. *Austin,* 1 Metc. 558; *Thayer* v. *Turner,* 8 Metc. 552; *Tapley* v. *Forbes,* 2 Allen, 23; *Kinney* v. *Kiernan,* 49 N. Y. 176; *Town of Springport* v. *Bank,* 84 N. Y. 409; *Ladd* v. *Moore,* 3 Sandf. 589; *Pearse* v. *Pettis,* 47 Barb. 276; *Higham* v. *Harris,* 108 Ind. 254, 8 N. E. Rep. 255; *Higby* v. *Whittaker,* 8 Ohio, 198; *Frost* v. *Lowry,* 15 Ohio, 200; *Warner* v. *Vallily,* 13 R. I. 483. The money is in the custody of the court, and before it can be obtained the court must be convinced that the party claiming it is entitled to it. As decided in the case of *Krippendorf* v. *Hyde,* 110 U. S. 276, 4 Sup. Ct. Rep. 27, the plaintiff might proceed by petition in the original action, or bring his bill on the equity side of the court. But, whichever method is adopted, the result must be the same.

*Morris, Newberger & Curtis,* for plaintiff.
*Harrison, Miller & Elam,* for defendant Trentman.

WOODS, J., (*after stating the facts as above.*) The general rule is well established that one who would disaffirm a contract must do so totally, and therefore must return whatever he had received upon it. But at the same time he is entitled to reclaim whatever he had parted with, and consequently his tender or offer to return need not be absolute, but upon condition, either express or implied, that he shall receive back his own,

not in part only, but entirely; and if this cannot be done, or is refused, he may withhold the tender, and bring it into court for final disposition, as justice may require. And if he prevails in the action, but does not obtain thereby complete relief, it would seem that he ought to be made good out of the money or property so tendered and brought into the control of the court. It would be a defective system of justice or procedure which could not afford such relief. Under the maxim that the law does not require a vain thing to be done, a tender before bringing suit will not be deemed necessary if the vendee has parted with the goods in whole or in part, or in any way has put it beyond his power to make restitution; and it will be enough if the plaintiff bring into court whatever, if mutual restitution had been practicable, he would have been bound to surrender. But, as against a third party who has come into possession of the disputed property as a transferee of the original purchaser or wrongful taker, it seems to be well established by the authorities cited, and I think consistently with principle, that neither a tender before suit nor a bringing into court is necessary. Of course a rescission is necessary The action, whether against the vendee or his transferee, is commenced and proceeds on that theory; but, the latter not being interested (as the decisions show) in the subject of tender, the mere bringing of the action against him is, as to him, a sufficient declaration of the plaintiff's election to rescind, without previous declaration or notice to that effect, though a previous demand for the property may be necessary in order to put such transferee in the wrong. In *Town of Springport* v. *Bank*, 84 N. Y. 403, the doctrine of the cases on this point is stated in this way:

"Even in such cases (for rescission) a third party, whose title depends upon a contract claimed to have been rescinded, cannot set up a want of tender by the plaintiff to the original party of the return of what the plaintiff had received under the original contract. For instance, when a sale of goods is rescinded by the vendor on the ground of fraud, and he reclaims the goods from a transferee of his vendee, the transferee cannot defend on the ground that the securities received by the vendor from the original vendee have not been tendered back to him. *Kinney* v. *Kiernan*, 49 N. Y. 165, 172. In such a case the title to the securities reverts to the original vendee on the rescission, but the right to insist upon their return is his, and not that of his transferee of the goods. *Stevens* v. *Austin*, 1 Metc. 558; *Pearse* v *Pettis*, 47 Barb. 276."

The question here, however, is not whether a tender was necessary, but, one having been made and kept good by the bringing of the money into court, what shall be done with the money? The proposition that "Trentman acquired Miller's rights," or "stands in Miller's shoes," in respect to the property in question, is manifestly not true in fact, because, of the goods sold by the plaintiff, Miller had disposed of two-fifths before the transfer to Trentman; and, besides, the evidence does not show whether the terms of the transfer were such, between themselves, as to give Trentman any claim to stand in the place of Miller; and if the point were conceded, yet Trentman, not standing in the position of an innocent purchaser of the goods as against the plaintiff, cannot through Miller assert any right which Miller could not; and with the proceeds of plaintiff's goods in his possession to the value of $900, not paid for except

with this money, Miller in good conscience could assert no right, as his administrator has conceded, and as some of the cases cited show. See, especially, *Pearse* v. *Pettis, supra.* In the judgment of the court, even without the consent of Miller's administrator, this money should be returned to the plaintiff; but with that consent, on the authorities, and, as it seems to me, upon principle, there can be no doubt about it. So ordered.