### SISSON, POTTER & CO. vs. ALPHA R. HILL.

Replevin was brought for goods claimed to have been fraudulently obtained under the guise of a contract of sale. For these goods the plaintiffs in replevin had received from the defendant certain notes and $50 in cash. The writ of replevin was issued without a prior return of the $50, the plaintiffs claiming that the goods replevied were less in value than the goods obtained by more than $50.

*Held*, that the plaintiffs in replevin could maintain their action without having returned the $50 before its inception.

PLAINTIFFS' petition for a new trial.

*February* 25, 1893. MATTESON, C. J. This is an action of replevin to recover goods which the plaintiffs allege that the defendant fraudulently obtained from them under the guise of contracts of sale. The only goods with which we are concerned in the present inquiry are those obtained on September 25, 1891. For these the defendant paid the plaintiffs $50 in cash, and also gave them certain notes. The plaintiffs returned these notes to the defendant before bringing the suit, but they retained the money, claiming at the trial, that the goods replevied were less in amount than the goods obtained from them by $100. The court below instructed the jury that if the plaintiffs elected to rescind the contract of sale of September 25, 1891, they should have returned both the money and the notes before suit, and that having failed to return the money, they could not recover the goods. The plaintiffs excepted to this instruction and now petition for a new trial on the ground that it was erroneous.

There are undoubtedly numerous cases which support the instruction. We have no disposition to find fault with the application of the rule to cases of executory contracts of sale, in which a party seeks to rescind the contract on the ground of the failure of the other to fulfill his part of the contract, and which it is said in *Duval & Iglehart* v. *Mowry*, 6 R. I. 479, 487, constitute most of the cases in which a return has been held necessary before an action can be brought. This court, however, has never been disposed, apparently, to apply the rule any farther than may be necessary, to cases of the avoidance of contracts on the ground of fraud. In *Duval & Iglehart* v. *Mowry*, 6 R. I. 479, 485, Chief Justice Ames remarks, "But we do not hold that the rigid rule of tender before action, known to rescission under and by virtue of a contract, applies to cases of the avoidance of a contract on the ground of fraud. In the former case the pursuing party is dealing with one presumed to be honest, and can afford to wait; in the latter, with one who has defrauded him in the very matter of the suit; and he should be delayed by no useless ceremony in the way of the prompt recaption of his goods, or of the service of his writ in a suit for damages for

the tortious conversion of them. Such a condition to a remedy in such a case is wholly unknown in courts of equity, where cases of the rescission and cancellation of contracts on the ground of fraud usually come; the court deeming it quite sufficient to provide that justice be done to the injurious, as well as to the injured party, by its own action. . . . . No good reason can be given why, when courts of law deal with the rescission of contracts on the ground of fraud, they should not do so, so far as the nature of their remedies will permit, upon the same footing with courts of equity." And see also *Warner* v. *Vallily*, 13 R. I. 483, 484, in which the court refused to apply the rule to an action of trover in a case in which the vendor had received money only as a part of the consideration.

Two reasons have been stated for the rule. One is the protection of the vendee. With reference to this, it may be said that while the substantial rights of the fraudulent person who is proceeded against should, undoubtedly, be preserved, the person who. has been deprived of his property by fraud under the guise of a contract of sale ought not to be defeated, delayed or embarrassed, by technicalities, or useless ceremonies. The fraudulent vendee is in no position to demand anything more than protection, that the vendor at the same time that he obtains justice shall do justice. A return or tender of the consideration, especially when it consists merely of money or promissory notes or like securities, before the bringing of the suit is not necessary to the protection of the vendee, since the court in which the action is pending can compel such return so far as may be necessary to do justice to the vendee, by making it a condition of its judgment, or by withholding its judgment, or staying execution on it, until a compliance with its order for such return.

The other reason, and perhaps the one more frequently assigned, for the rule is purely technical. It is that the vendor cannot rescind the contract and retain the money, because he cannot rescind it in part and affirm it in part, but must rescind *in toto*, if at all. Chief Justice Durfee, in *Warner* v. *Vallily*, above, clearly shows how fallacious is this reason,

when applied to cases of the avoidance of contracts of sale on the ground of fraud. He says: "It is here assumed that the vendor, if he keeps the money, can only keep it in part fulfilment of the contract. But is it necessarily so? The position of the vendor is that he has been swindled out of his goods under the guise of a contract, the contract and the money paid on it being a part of the artifice or contrivance by which the fraud was consummated. He keeps the money not as part fulfillment of the contract, but as part indemnity for the fraud which has been perpetrated on him, intending to deduct it in his action. The question is, will the law permit him to do so? Will it allow him to keep as indemnity what he received as consideration? We do not see why it will not, for *ex hypothesi* he was deceived into receiving it as consideration by the vendee, and therefore came under no obligation to him to keep it as such, nor still less to return it before bringing suit for the tort. The vendee, considering his fraud, gets all if not more than he merits when he is allowed a deduction *pro tanto* in damages."

In accordance with these views it has been held that in cases in which the vendor has received from the fraudulent vendee money as a part of the consideration, and in which he sues in trover for the recovery of pecuniary damages for the conversion of the goods obtained by the fraud, he may retain the money and allow it to go in reduction of the damages to be recovered. *Warner* v. *Vallily*, 13 R. I. 483; *Ladd* v. *Moore* 3 Sandf. S. C. 589. So, too, it has been held in numerous cases in which the plaintiffs have sued in trover, that when the fraudulent vendee has given his note, or even the note or other obligation of a third person, as the consideration, in whole or in part, for the goods obtained, it is not necessary for the vendor to return, or offer to return such note or obligation *before* suit, but that it is enough if he bring it into court to be impounded at the trial for the benefit or protection of the vendee. *Duval & Iglehart* v. *Mowry*, 6 R. I. 479; *Thurston* v. *Blanchard*, 22 Pick. 18; *Frost* v. *Lowry*, 15 Ohio, 200; *Nellis* v. *Bradley*, 1 Sandf. S. C. 560; *Ladd* v. *Moore*, 3 Sandf. S. C. 589; *Coghill* v. *Boring*, 15 Cal. 213.

Why should not the same reasons apply to an action of replevin as have been applied to an action of trover and which have led the courts to except it from the operation of the rule requiring that the consideration received by a vendor, if consisting of money or promissory notes or like securities, be returned or tendered before suit ? A vendor cannot know before the service of his writ of replevin how many of the goods which have been fraudulently obtained from him can be recovered. Why should he not be permitted to retain the money or securities which he has received as an indemnity for the loss sustained by the fraud ? Why should he be required, especially in a case like the one at bar, to surrender the money in his hands and take the chances of recovering it again in an action of trover from the fraudulent vendee? " A bird in hand is worth two in the bush." The $50 in cash which the plaintiffs have may be worth more to them than a judgment for many times that sum against the defendant. As has been stated, all that the defendant is entitled to is protection, and the court can afford him that by requiring the plaintiff to pay into court for the benefit of the defendant, whatever sum, if any, the plaintiff has received in excess of the value of the goods disposed of by the defendant prior to the service of the writ of replevin, either before rendering judgment, or by staying execution, until a compliance with its order for such payment. We are aware that in *Wheaton* v. *Baker*, 14 Barb. S. C. 594, the court makes a distinction, in this respect, between an action of trover and an action of replevin, and this distinction was recognized in our own case of *Warner* v. *Vallily*, above, but we fail to perceive any just ground for the distinction, at least in a case like the present. In *Poor* v. *Woodburn et al.*, 25 Vt. 234, 239, which was replevin for goods procured by purchase through fraudulent misrepresentations of the purchaser as to the value of the note of a third person given in payment for them, no tender of the note was made before the action. Chief Justice Redfield remarks, " The party who would rescind a contract of this kind, must, no doubt, be in a condition to put the other party in *statu quo*. If, for instance, he

had parted with the note, he could not regain the property, even when he proved the most unequivocal fraud. And upon the trial, he should, if required so to do by the opposite party, furnish the note, to be disposed of, under the direction of the court." And see also *Nichols* v. *Michael*, 23 N. Y. 264, which was an action under the code, substituted for the former action of replevin, to recover possession of goods alleged to have been fraudulently obtained and in which the vendee had given his negotiable promissory note for the goods. It was held that the vendor was not bound to tender such note at the time of rescinding the contract, but that it was sufficient for him to produce it at the trial and place it in the custody of the court. And see also *Schoonmaker* v. *Kelly*, 42 Hun, 299, in which the plaintiffs were allowed to maintain replevin for goods fraudulently obtained from them on tendering at the trial to the defendant, who was the general assignee for the benefit of creditors of the fraudulent vendee, the balance of the money paid by the vendee, after deducting the value of the goods disposed of by the vendee before the replevy and the depreciation in value of the goods replevied.

We are of 'the opinion that the court below erred in its instruction to the jury in the matter excepted to and that the plaintiffs' petition for a new trial should be granted.

*Petition granted, no costs.*

*Dexter B. Potter*, for plaintiffs.

*Charles H. Page & Franklin P. Owen*, for defendant.