JOHN V. FARWELL CO. v. HILTON et al.

(Circuit Court, E. D. Wisconsin. December 24, 1897.)

SALE—RESCISSION BY SELLER—TENDER OF PARTIAL PAYMENT RECEIVED.

Where a fraudulent purchaser of goods has made a partial payment thereon, but has sold a part of the goods exceeding in value the payment made, and has thus rendered it impossible for the seller to rescind as to the entire purchase, such seller is not bound to return or tender back the payment received as a condition precedent to the maintaining of replevin for the goods remaining unsold.

This was an action of replevin by the John V. Farwell Company against George Hilton, assignee, and others, to recover goods purchased by defendant's assignor under fraudulent representations. Heard on motion by plaintiff for judgment non obstante veredicto or for new trial.

Thompson, Harshaw & Thompson, for plaintiff.

F. W. Houghton, for defendants.

SEAMAN, District Judge. The action is replevin for goods purchased by the assignor under fraudulent representations which induced the sale, and the verdict is special, rendered by direction of the court, finding in favor of the defendants for the value of all goods purchased on and prior to March 23, 1897, and in favor of the plaintiff for all the goods which were purchased after that date. The direction of a verdict in favor of the defendants for the value of the goods covered by the earlier purchases was founded wholly upon the view that replevin could not be maintained because payments had been made and accepted by the plaintiff to the amount of $1,411,—which were made generally upon account and were clearly applicable to the first purchase of goods, embracing the invoices down to and including March 23, 1897,—and there was neither return nor tender of the amount so paid; and this, notwithstanding the undisputed fact that goods had been sold from such purchases by the assignor prior to his assignment in excess of the amount so paid. If this view of the law was correct, or even if it appears to be supported by the weight of authority, the verdict should not be disturbed, as I should deem it proper to leave it for determination on writ of error, if I entertained serious doubt as to the doctrine applicable in such case. But an examination

of the authorities cited for and against the proposition, and consideration of the grounds which lie at the foundation of the general and well-settled rule that the statu quo must be restored before rescission of the contract can be made operative, convince me that the case in that regard is within one of the recognized exceptions to the rule; and that tender of the amount paid on account of the purchases was not essential to rescission, the condition precedent for replevin of the goods remaining on hand, because it appears beyond dispute that goods included in the same purchase, and not found, had been sold by the vendee exceeding the aggregate of such payments, both in the invoice value and in the amount realized from such sales.

The general doctrine clearly prevails that a voidable contract cannot be rescinded in part while affirmed as to the residue; that the right to treat the transaction as though no contract were entered into does not allow the retention of any advantages derived under the contract relation. The authorities recognize exceptions to this rule, although the broad exception stated in Parsons on Contracts as to all cases in which fraud constitutes the ground for rescission does not appear to have found acceptance. But the transaction in question is, in my opinion, entitled to exception as a whole by reason of the sales by the vendee out of his fraudulent purchase, as the severance is his act, depriving the defrauded vendor of any opportunity to exercise his election to rescind as to such goods; and the remittances sent to the vendor, being received before discovery of the fraud and within the invoice value, are justly applicable to the conversion by way of indemnity, and its retention will not, under the circumstances, be treated as ratification of the contract. Assuming, as it must be assumed here, that the purchase was effected through the fraudulent representations of the vendee, he made these sales in perpetuation of that fraud. To return to him the amount so paid over would operate as a premium upon fraud, giving him all the benefits at the expense of the defrauded party. Instead of restoring the statu quo, such requirement would aggravate the injury and contravene the purposes of the rule. In Sisson v. Hill, 18 R. I. 212, 26 Atl. 196; Sloane v. Shiffer, 156 Pa. St. 59, 27 Atl. 67; Schofield v. Shiffer, 156 Pa. St. 65, 27 Atl. 69; Shoe Co. v. Trentman, 34 Fed. 620; and other cases cited on behalf of the plaintiff,—similar questions were clearly presented, and repayment or tender was held unnecessary to effect rescission; and I am of opinion that the conclusions there reached are within, and not opposed to, the current of authority, notwithstanding the note to that effect appended to Sisson v. Hill (R. I.) in 21 Lawy. Rep. Ann. 207 (s. c. 26 Atl. 196). The case of Thompson v. Peck, 115 Ind. 512, 18 N. E. 16, cited as holding contra, is clearly distinguishable in the fact that the entire consideration which was paid or received upon two separate contracts was retained (the notes being held prima facie payment in that state), while the verdict gave recovery for goods derived under all the contracts of purchase indiscriminately. Clearly, no ground was established for the exception of such transactions from the rule. Neither Stuart v. Hayden, 36 U. S. App. 462, 18 C. C. A. 618, and 72 Fed. 402, nor the other authorities cited by defendants, seem to me applicable upon the state of facts shown in this case. I am con-

strained, therefore, to the opinion that the verdict must be set aside; and it is so ordered.

The motion for judgment non obstante veredicto must be denied, as the case is not, in my opinion, within the line to which such action is applicable. Neither is the verdict in such shape that the finding in question can be disregarded, and judgment be entered for the plaintiff as to the value of the goods in the first purchase. Let orders be entered accordingly.