GREEN et al. v. TURNER et al.

(Circuit Court of Appeals, Seventh Circuit. May 2, 1898.)

No. 463.

1. MORTGAGE—LIABILITY OF MORTGAGOR'S GRANTEE.

A mortgagee of lands may maintain a suit in equity against the mortgagor's grantee, who has agreed with the mortgagor to pay the indebtedness.

2. SAME—SUBROGATION—DEFENSES BY GRANTEE.

Complainants sold mining lands to M. & H., retaining a vendor's lien for part of the purchase money, and they subsequently sold the land to defendants, who agreed with them to pay the unpaid purchase money. Subsequently the complainants commenced a suit in equity against the defendants to recover the amount of the deficiency on a sale of the property under the vendor's lien. *Held,* that the defendants were entitled, without rescinding the sale, to set up as a defense a claim that the sale of the land to them was brought about by false representations, and were not restricted to presenting the same by a cross bill.

3. SALE OF MINING LANDS — FALSE REPRESENTATIONS—EXAMINATION BY PURCHASER.

Prospective purchasers of mining property have a right to rely on statements made to them by the owners as to the presence of extensive beds of ore at the bottom of certain pits and trenches, and are not called upon to go into them and determine the truth by dipping out the water or digging out the earth with which they are partially filled. 80 Fed. 41, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

This suit was brought by the appellants, Joel C. Green, John G. Brown, and T. F. Main, against the appellees, William J. Turner, William H. Timlin, and Howard Morris, to enforce performance of a promise in writing made by the appellees to Moore & Hibbert, a firm composed of L. A. Moore and Nathaniel Hibbert, to pay an indebtedness of the latter to the appellants. On August 23, 1890, the appellants, by written contract, sold to Moore & Hibbert "all the ores, minerals, mineral substances, mineral waters, and limestone, together with all necessary mining rights and privileges, upon several tracts or parcels of land lying in the north flank of Glade Mountain, in Smyth county, Virginia," known as the "Glade Mountain Iron Property," in consideration of which Moore & Hibbert agreed to pay them $35,000,—that is to say, $1,000 cash, $10,666.66 by November 15, 1890, and the residue in three equal installments, evidenced by notes dated August 23, 1890, and payable, respectively, in 6, 12, and 18 months from date, with interest,—a deed to be made with the reservation of a vendor's lien, and possession of the premises to be delivered upon the payment of the sum made due November 15, 1890. On November 12, 1890, by an agreement in writing, Moore & Hibbert assigned the contract of August 23d to appellees, who on their part agreed to cause to be paid the sums for which Moore & Hibbert were responsible to the appellants. Other terms of the agreement and the provisions of a supplemental agreement made November 22, 1890, have no relevancy to any present question. On December 12, 1890, the appellees paid to the appellants the sum of $10,666.66, which Moore & Hibbert had agreed to pay on or before November 15th, and thereupon appellants executed a deed, as agreed, to Moore & Hibbert, and delivered it to the appellees; and, Moore & Hibbert having also executed a deed to them for the property, they took possession, but, after some weeks spent in exploring for beds of ore upon the land and finding none of value, they offered to reconvey to Moore & Hibbert, and demanded of them a rescission, to which they refused to accede. The appellees then abandoned the property, which later the appellants purchased for the sum of $150 at decretal sale on a decree of foreclosure of the vendor's lien reserved in their deed to Moore & Hibbert. Copies of the contracts mentioned were made exhibits in the bill, the theory of which is dis-

closed by the averment "that they have no sufficient remedy at law again the defendants, and can only have adequate relief in a court of equity, which court your orators are entitled to have and maintain their equitabl. action against the defendants upon the promises and agreements made by sai defendants to their grantors, L. A. Moore and Nathaniel Hibbert, to pay t your orators the amount of the unpaid purchase money for the payment of which your orator reserved a lien upon the property," etc. The appellees answered, alleging, in addition to the facts stated, various false representations by Moore & Hibbert in respect to the existence, and of facts tending to show the existence, of beds of valuable ore on the land; that by explorations conducted at large expense they had found that there were no ores of value there, and that for mining purposes the land was worthless.

James G. Flanders, for appellants.
Geo. D. Van Dyke, for appellees.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

While there can be no doubt of the right of the appellants, upon the facts alleged, to sue in equity upon a promise made, not directly to them, but to third parties (Keller v. Ashford, 133 U. S. 610, 10 Sup. Ct. 494; Willard v. Wood, 135 U. S. 309, 10 Sup. Ct. 831; Id., 164 U. S. 502, 17 Sup. Ct. 176; Carnahan v. Tousey, 93 Ind. 562), yet if it be true, as contended by the appellants, "that, by a subsequent, independent, collateral contract, made and entered into between appellants and Timlin, Turner, and Morris, the latter assumed to pay them for Moore & Hibbert the balance of purchase money due them on the land," the appellants had on that contract a right of action at law, and there was neither necessity nor justification for a suit in equity. No such promise, however, is alleged in the bill, the evidence does not show that it was made, and whether the appellees represented or stated to the appellants, at the time the deed was delivered, that they had assumed the payment of the notes of Moore & Hibbert, is wholly immaterial. To say to the appellants that they had bound themselves to Moore & Hibbert in a contract of assumption is not equivalent to a new promise to the appellants. The case alleged in the bill is essentially just what the judge below is charged with having misconceived it, to be, namely: "That appellants were mortgagees of Moore & Hibbert; that Moore & Hibbert, by fraudulent statements, had sold the same mortgaged land to appellees; and that appellants, being unable to make all of the debt out of Moore & Hibbert, were simply pursuing appellees on a contract Moore & Hibbert had made with appellees, which contract was procured by such fraudulent statements."

It is, of course, true that affirmative relief to a defendant in equity is to be sought only on a cross bill, but the objection urged, that the defense set up in the answer of the appellees is of that character, and not available without a cross bill, is not sound. Affirmative relief was not asked nor granted. If an action at law had been brought by Moore & Hibbert upon the promise of the appellees, the fraud alleged in this answer, showing a failure of the consideration

for the promise, would have been a good defense, and it is equally good against the appellants, who, lacking privity of contract, are permitted to sue in equity on the theory of equitable substitution to the rights of the original promisees. They do not thereby acquire superior rights, or cut off defenses, which were good against Moore & Hibbert. It was only against Moore & Hibbert that the appellees could have been entitled to affirmative relief, and, they not being parties to the suit nor within the jurisdiction of the court, if the appellees were to have relief at all it was upon an answer, and not by cross bill. If the answer contains the suggestion of a prayer for affirmative relief, it is a harmless surplusage; and, if there is wanting a distinct allegation that the appellees "ever tendered any reconveyance of the land to Moore & Hibbert or to complainants," the defense was nevertheless sufficient. An offer to reconvey was made to and refused by Moore & Hibbert. No offer to convey to the appellants was necessary, or would have been proper. Town of Springport v. Teutonia Sav. Bank, 84 N. Y. 403; Shoe Co. v. Trentman, 34 Fed. 620. Besides, it appears that the appellants had by the foreclosure of their vendors' lien become repossessed of the title with which they had parted. But the sufficiency of this answer does not depend upon a rescission of the contracts between Moore & Hibbert and the appellees. It is alleged in the answer that for mining purposes the property was worthless. The conveyance to the appellees was only of mining rights, except that of one tract the fee was conveyed. The appellees had paid upon the purchase directly to Moore & Hibbert $1,000, and to the appellants $10,666, and, if the fraud alleged in the answer is established by the evidence, the damage suffered by the appellees far exceeded the amount of the unpaid notes held by the appellants.

That Moore & Hibbert made false representations as charged, and that the appellees had a right, under the circumstances, to rely, and did rely, upon the representations made to them, the proof is sufficiently clear and convincing. The contention that the appellees were consciously making a speculative purchase, and having been shown the property, and having examined it for themselves, did not and could not rightfully rely upon the representations made as being more than expressions of opinion, is plausible, but does not impress us as the right view of the case. Timlin at one time, and Turner at another, went over the property, and at various places saw pits and trenches, some old and some new, at the bottoms of which they were told that extensive beds of ore in place had been found. Those statements they had the right to believe, without going into the pits to determine the truth by dipping out the water or digging through the earth with which they were partly filled. The mere presence of the pits and trenches, besides demonstrating the scope of the exploration which seemed and was represented to have been made, was calculated to add credibility to the representations made of what had been discovered, and the inference is not unfair that that was the intended result.

There is conflict of evidence in respect to the representations made by Moore & Hibbert, but the preponderance, as it seems to

us, is distinctly in support of the conclusions declared in the opinion of the court below.    Green v. Turner, 80 Fed. 41.

It is urged that, by reason of their long delay to disaffirm the contract, the appellees should be deemed to have waived all right to relief on account of misrepresentations (Pom. Eq. Jur. § 897); and it is also contended that it has not yet been demonstrated that there are no valuable beds of ore on the land.    If these propositions are consistent, and one of them may not be regarded as a sufficient answer to the other, they are nevertheless untenable.    As already stated, the defense to the suit does not depend upon rescission, and there is no sufficient ground for saying that by delay in repudiating the contract the appellees had waived the right to relief on account of the deceit practiced upon them.    On the other proposition, that it had not been sufficiently shown that there are no valuable beds of ore on the land, the evidence leaves no doubt.    The decree below is affirmed.