CRANE & ORDWAY COMPANY, a Corporation, v. SYKESTON
SCHOOL DISTRICT NO. 11, a Municipal Subdivision of the
County of Wells and State of North Dakota.

(162 N. W. 413.)

School district — board of directors — school district warrant — contractor —
inducements — false representations — materials — payment for — rescis-
sion — warrant — surrender — cancelation.

1. Where a contractor induces a board of directors of a school district to issue
a district warrant by making false representations as to the payment for
materials used in the performance of a contract between such contractor and
the district, the transaction may be rescinded and the contractor required to
surrender the warrant for cancelation.

Contract — rescission — consent — induced by fraud — false representations
— damages.

2. The right of rescission where consent is induced by fraud or by a false
representation does not depend upon damage to the party imposed upon.

Thing in action — assignment of — rescission — right to — for fraud — for
misrepresentations — beneficiary — assignee — party.

3. Under § 7396 of the Compiled Laws of 1913, which provides that "in the
case of an assignment of a thing in action the action by the assignee shall be
without prejudice to any set-off or other defense," the right to rescind a trans-
action for fraud exists against a beneficiary or an assignee, as well as against
an immediate party to the transaction.

Public officers — contractor — bonds by — contracts — before making — stat-
utes — directory as to time — compensation — right to recover.

4. Section 6832 of the Compiled Laws of 1913, requiring public officers to
take bonds from contractors before entering into contracts with them, is, as to
time, directory merely, and the contractor is under obligation to furnish bonds
securing materialmen and laborers before he is entitled to recover his compen-
sation.

Contractor — bonds of — for performance of contract — public works —
materialmen — laborers — to secure — school officers — involuntary sure-
ties.

5. Section 6832 of the Compiled Laws of 1913, requiring that bonds be taken
for the performance of contracts for certain public works to secure material-
men and laborers, and making officers neglecting to comply therewith personally
liable to materialmen and laborers, is not to be construed as making the
original contract the individual contract of such officers, but rather as making
the officers involuntary sureties of the contractor's obligations to third parties.

School board — members of — school funds — judgments — payment out of — estoppel — action — defense — warrant — fraud.

6. The fact that the members of a school board have disbursed school funds. in payment of individual judgments obtained against them for materials supplied to the district does not estop them from defending an action brought upon a school district warrant which had been obtained by fraud.

Opinion filed March 29, 1917.

Appeal from the District Court of Wells County, *Coffey*, J. . Affirmed.

*Lawrence & Murphy*, for appellant.

It is the duty of a school board to take from a contractor who is to do building or repairs for the school district, a bond as security for the payment of all bills for materials furnished and labor done, and the failure of the members of such board to take such bond before entering upon such contract renders them individually liable to materialmen and laborers not paid. Comp. Laws 1913, § 6832.

The warrant issued in this case and assigned to plaintiff gives to plaintiff a valid right of action against the school district, and such warrant is subject only to equities which existed at the time it was issued. No equities existed in favor of the district at such time. Gregory v. Bridgeport, 41 Conn. 76, 19 Am. Rep. 485.

School-district warrants shall be issued only in payment of indebtedness of the school district previously incurred. Comp. Laws 1913, § 1170; Castner v. Minneapolis, 92 Minn. 84, 99 N. W. 361, 1 Ann. Cas. 934.

The rule is well settled that the legislature is powerless to authorize the expenditure of public funds by a municipal subdivision of the state, except for a public purpose. State ex rel. Wheeler v. Foley, 30 Minn. 350, 15 N. W. 375; Henderson v. Sibley County, 28 Minn. 515, 11 N. W. 91; Coates v. Campbell, 37 Minn. 498, 35 N. W. 366; Chaska v. Hedman, 53 Minn. 525, 55 N. W. 737; Fergus Falls v. Fergus Falls Hotel Co. 80 Minn. 165, 50 L.R.A. 170, 81 Am. St. Rep. 249, 83 N. W. 54; Michigan Sugar Co. v. Auditor General, 124 Mich. 674, 56 L.R.A. 329, 83 Am. St. Rep. 354, 83 N. W. 625; United States ex rel. Miles Planting & Mfg. Co. v. Carlisle, 5 App. D. C. 138; Calder v. Bull, 3 Dall. 386, 1 L. ed. 648; Citizens' Sav. & L.

Asso. v. Topeka, 20 Wall. 655, 22 L. ed. 455; Gregory v. Bridgeport, 41 Conn. 76, 19 Am. Rep. 485; Vincent v. Nantucket, 12 Cush. 106; Bell v. Manvers, 2 U. C. C. P. 507; Castner v. Minneapolis, 92 Minn. 84, 99 N. W. 361; 2 McQuillin, Mun. Corp. pp. 1112, 1113, § 514; Hotchkiss v. Plunkett, 60 Conn. 233, 22 Atl. 535; Gormly v. Mt. Vernon, 134 Iowa, 397, 108 N. W. 465; Jenney v. Mussey, 121 Mich. 229, 80 N. W. 2; Weinberg v. University of Michigan, 97 Mich. 246, 56 N. W. 607; Owen v. Hill, 67 Mich. 43, 34 N. W. 649; Plummer v. Kennedy, 72 Mich. 295, 40 N. W. 433; Wells v. Board of Education, 78 Mich. 261, 44 N. W. 267.

No counterclaim arose in favor of the district and against plaintiff by reason of the misappropriation of school-district funds in discharge of the personal judgment against its officers. Long Beach School Dist. v. Lutge, 129 Cal. 409, 62 Pac. 36; Newport Wharf & Lumber Co. v. Drew, 125 Cal. 585, 58 Pac. 187.

An assignee for value of a school warrant is entitled to payment thereof as against a claim for material and labor, notice of which is not given to the school district until after the assignment and presentation of the warrant. 34 Cyc. 746; Bramblett v. Slemp, 32 Ky. L. Rep. 1329, 108 S. W. 339; Rem. & Bal. Code (Wash.) § 191; King v. West Coast Grocery Co. 72 Wash. 132, 129 Pac. 1081; Cochrane v. Hyre, 49 W. Va. 315, 38 S. E. 554; 2 Hill's Code (Wash.) § 806; Harrisburg Trust Co. v. Shufeldt, 31 C. C. A. 190, 59 U. S. App. 532, 87 Fed. 669; Goodwin v. Cunningham, 12 Mass. 193; Jenkins v. Brewster, 14 Mass. 291; Nesmith v. Washington Bank, 6 Pick. 324; Sylvester v. Crapo, 15 Pick. 92; Dyer v. Homer, 22 Pick. 256; Rev. Stat. 1889, § 8161; Barber v. Baker, 70 Mo. App. 680; Civ. Code § 1982; Stadler v. First Nat. Bank, 22 Mont. 190, 74 Am. St. Rep. 582, 56 Pac. 111; Michigan Sav. Bank v. Millar, 110 App. Div. 670, 96 N. Y. Supp. 568, 186 N. Y. 606, 79 N. E. 1111; Horowitz v. Brodowsky, 24 Misc. 731, 53 N. Y. Supp. 815; Daviess v. Newton, 5 J. J. Marsh. 89; Small v. Browder, 11 B. Mon. 212; Jackson v. Holloway, 14 B. Mon. 140; Harrison v. Wilson, 5 Rob. (La.) 275; Freeland v. Man, 1 Smedes & M. 531.

A defendant who sets up by way of a counterclaim against plaintiff's assignor in favor of a third person must show that he owed the claim before he had notice of the assignment of the claim to plaintiff. Mead

v. Gillett, 19 Wend. 397; Venable v. Harlin, 1 N. Y. Civ. Proc. Rep. 215; Code Civ. Proc. § 502, subd. 1; Norton v. McCarthy, 10 Misc. 222, 30 N. Y. Supp. 1057; Williams v. Pultze, 5 Ohio Dec. Reprint, 503; Thorn v. Meyers, 5 Strobh. L. 210; Frick v. White, 57 N. Y. 103.

The facts stipulated here do not constitute a counterclaim under the statute. Roney v. H. S. Halvorsen Co. 29 N. D. 13, 149 N. W. 688.

Defendant cannot offset or counterclaim for fraud. 20 Cyc. 13.

Fraud without damage, or damage without fraud, is not actionable. Einstein v. Marshall, 58 Ala. 153, 25 Am. Rep. 729; Kountze v. Kennedy, 147 N. Y. 124, 29 L.R.A. 360, 49 Am. St. Rep. 651, 41 N. E. 414; Childs v. Merrill, 63 Vt. 463, 14 L.R.A. 264, 22 Atl. 626; Nelson v. Grondahl, 12 N. D. 130, 96 N. W. 299; Alden v. Wright, 47 Minn. 225, 49 N. W. 767; London & L. F. Ins. Co. v. Liebes, 105 Cal. 203, 38 Pac. 691; Marsh v. Cook, 32 N. J. Eq. 262; Bartlett v. Blaine, 83 Ill. 25, 25 Am. Rep. 346; Danforth v. Cushing, 77 Me. 182; Hale v. Philbrick, 47 Iowa, 217; Stetson v. Riggs, 37 Neb. 797, 56 N. W. 628; Bodkin v. Merit, 102 Ind. 298, 1 N. E. 625; Biglow, Fraud, p. 541; People v. Cook, 8 N. Y. 67, 59 Am. Dec. 451; Eastwood v. Bain, 3 Hurlst. & N. 738, 157 Eng. Reprint, 665, 28 L. J. Exch. N. S. 74, 7 Week. Rep. 90; Hemingway v. Hamilton, 4 Mees. & W. 115, 150 Eng. Reprint, 1366; 1 Story, Eq. Jur. § 202; Vernon v. Keys, 12 East, 637, 104 Eng. Reprint, 246; 9 Cyc. 431; Barber v. Kilbourn, 16 Wis. 486; Castleman v. Griffin, 13 Wis. 535; Freeman v. Venner, 120 Mass. 424; Ide v. Gray, 11 Vt. 615; Randall v. Haselton, 12 Allen, 412; Fuller v. Hodgdon, 25 Me. 243; Alden v. Wright, 47 Minn. 225, 49 N. W. 767; Marriner v. Dennison, 78 Cal. 202, 20 Pac. 386; Bailey v. Fox, 78 Cal. 389, 20 Pac. 868; Morrison v. Lods, 39 Cal. 381; Purdy v. Bullard, 41 Cal. 444; Wainwright v. Weske, 82 Cal. 193, 23 Pac. 12; Southern Development Co. v. Silva, 125 U. S. 247, 31 L. ed. 678, 8 Sup. Ct. Rep. 881, 15 Mor. Min. Rep. 435; Smith v. Richards, 13 Pet. 26, 10 L. ed. 42; Wainscott v. Occidental Bldg. & L. Asso. 98 Cal. 253, 33 Pac. 88; Huffman v. Long, 40 Minn. 473, 42 N. W. 355; Johnson v. Seymour, 79 Mich. 156, 44 N. W. 344; Armstrong v. Breen, 101 Iowa, 9, 69 N. W. 1125; Beard v. Bliley, 3 Colo. App. 479, 34 Pac. 271; Nelson v. Grondahl, 12 N. D. 130, 96 N. W. 299, and cases cited; Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026.

Where misrepresentations are alleged, it must appear that the party relied upon them as being true, and that they were a material inducement for him to do the acts which are alleged to have resulted in his injury. 20 Cyc. 32, 39, 43, and cases cited in note 54.

*John O. Hanchett,* for respondent.

The defendant is not here claiming any offset or counterclaim, but is claiming a complete defense to the warrant in question, upon the ground or fraud and false representation, mistake of fact, and failure of a material part of the consideration. For these things the defendant rescinded the warrant. That there was actual fraud is clearly shown. Comp. Laws 1913, §§ 5849, 7936, subd. 3; Raymond v. Edelbrock, 15 N. D. 231, 107 N. W. 194.

To enable defendant to maintain such defense, it is not necessary that damages be shown. The gist of the matter lies in the fact that, because of the fraud, the assent of defendant to the contract, or issuance of the warrant in this case, was not given freely. Beare v. Wright, 14 N. D. 26, 69 L.R.A. 409, 103 N. W. 634, 6 Ann. Cas. 1057.

The defendant would have had a valid defense against such warrant in the hands of the payee named. It has the same defense for fraud and misrepresentation against his assignee. The warrant was invalid when issued. Comp. Laws 1913, § 7396; Long Beach School Dist. v. Lutge, 129 Cal. 409, 62 Pac. 36.

BIRDZELL, J. This is an action brought upon a warrant issued to the plaintiff by the defendant school district. By stipulation the action was tried in the district court of Wells county, without a jury, and upon an agreed statement of facts. A judgment was entered in the trial court, dismissing the action and ordering a surrender of the warrant for cancelation. From this judgment the plaintiff appeals.

The material facts are as follows: In May, 1913, one John Rude contracted with the defendant for the installation of a heating and ventilating plant in the school building owned by defendant, for the sum of $2,198. The contractor was not required to give the statutory bond conditioned for the faithful performance of the contract, including the payment for all materials and labor required in its performance. During the summer the defendant paid Rude one half of the contract price, and after the completion of the work, in March, 1914, upon the

representation by Rude that his contract was fully completed and that all materials and labor were paid for, the defendant issued its warrant for $1,000. This warrant, which is the subject of this action, was, at Rude's request, made payable to the plaintiff, the Crane & Ordway Company. Thereafter the Kellogg Mackay Company sued and obtained a judgment against the members of the school board of the defendant, on account of the materials supplied to Rude in connection with the performance of his contract with the defendant district, the action having been predicated upon the statutory liability of the defendants, who had failed to require of Rude that he furnish the statutory bond. . The judgment debtors paid this judgment out of the school district treasury, and they seek to protect their own interests and the interests of the district by defending this action brought upon the warrant.

The only question arising on the foregoing facts is as to the right of the defendant to rescind the warrant issued at Rude's request in payment of an obligation owing to him which warrant was made payable to the plaintiff. Rude's representation that all materials and labor had been paid for was false, and when made must have been known by him to have been false. In view of the inquiry made and of the fact that no bond had been exacted from or given by him, he must have known that such representation would operate as an inducement leading the defendant to issue its warrant.

The right to rescind a contract for fraud is elementary, and a discussion of the legal principles upon which it rests would serve no good purpose. See Comp. Laws 1913, §§ 5849–5934. A contract induced by fraud is voidable because the consent of one contracting party was not freely given, and it is not essential that pecuniary damage has been sustained. Beare v. Wright, 14 N. D. 26, 69 L.R.A. 409, 103 N. W. 634, 6 Ann. Cas. 1057; Raymond v. Edelbrock, 15 N. D. 231–235, 107 N. W. 194; Guild v. More, 32 N. D. 432–454, 155 N. W. 44. The contract evidenced by the warrant is clearly subject to be rescinded as to Rude, and it only remains to be considered whether it could be rescinded as to the plaintiff. From the stipulated facts it appears that Rude, in having the warrant made payable to the Crane & Ordway Company, was merely perfecting an assignment or transfer of his right against the district. This right was but a mere chose in action, and the assignment of it to the Crane & Ordway Company placed the assignee

in no better position, as regards defenses which the school district could urge, than Rude himself occupied. The warrant is non-negotiable, and the Crane & Ordway Company sustains no different relation to the school district than it would had the warrant been made payable originally to Rude. Section 7396 of the Compiled Laws of 1913 provides that, "in the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense." There can be no doubt that the Crane & Ordway Company is a mere assignee of the right of Rude against the district, and it is equally clear that the district might urge against the Crane & Ordway Company any defense that it could urge against Rude. Owing to Rude's fraud, the defendant has a right to rescind the transaction, and to be placed *in statu quo.*

The strongest position that the Crane & Ordway Company can occupy with reference to the warrant in suit is that of beneficiary of the contract or arrangement between Rude and the district, whereby it was made payee of the warrant. It is well established that the beneficiary of a contract takes his rights thereunder, subject to any assault that the obligor or debtor can make upon its validity. The Crane & Ordway Company can thus derive no rights in this transaction superior to Rude's. See Ellis v. Harrison, 104 Mo. 270–278, 16 S. W. 198; Arnold v. Nichols, 64 N. Y. 117–119; Green v. Turner, 80 Fed. 41–43, 30 C. C. A. 427, 59 U. S. App. 252, 86 Fed. 837; Maxfield v. Schwartz, 45 Minn. 150, 10 L.R.A. 606, 47 N. W. 448.

While the foregoing discussion disposes of the question that goes to the foundation of the plaintiff's right to recover upon the warrant, it may not be out of place to refer to some of the arguments advanced by the appellant. The appellant argues that § 6832 of the Compiled Laws of 1913, which makes it the duty of public officers and boards to take bonds from contractors for the benefit of laborers and materialmen, and which renders such officers personally liable in case of their failure to do so, has the effect of making the contract in question the personal contract of the members of the school board. It is, of course, as much the duty of the contractor to give the required bond as of the officials of the district to exact it. The statute does not purport to require of school boards that they shall exact bonds from contractors which the contractors are under no obligation to give. It is made the duty of the

boards to take such bonds "before entering into any such contract," but in our opinion this provision, so far as time is concerned, is directory merely. So long as the contract was unfulfilled, and so long as there were outstanding obligations for labor and material, the district had just as legitimate an interest in seeing that the labor and materials were paid for, as it had at the time the contract was entered into; and it was as much the official duty of the members of the board to safeguard this interest as it ever had been. The essence of the duty of the officials under whose direction such work is undertaken and carried out is, as regards materialmen and laborers, that they shall take such steps as will prevent the district profiting at the expense of those whose contributions are indispensable to the consummation of the improvement. This duty continues to the end, and the personal liability which the statute imposes upon the school officers who neglect to perform it in the manner provided by the statute is substituted for the lien which would exist were the work not of a public character. This personal liability imposed by the statute, § 6833 of the Compiled Laws of 1913, is "for all bills, claims, and demands" the payment of which would have been secured by the bond. But the law does not purport to make the original contract the individual contract of the members of the board, nor does it evidence any intention to deprive the members of the board, who might be called upon to answer personally for materials supplied to the district, of the position which they would naturally occupy as involuntary sureties of the contractor. The debts which the members might be personally called upon to pay, such as the Kellogg-Mackay Company judgment in this case, are nevertheless primarily the debts of the contractor. They would have the right, as against Rude, to be exonerated from such liability to the materialmen, and, in enforcing this right of exoneration, they could resort to any remedies that would be available to contractors' bondsmen where bonds are given. Since Rude's contract evidenced by the warrant is subject to rescission for his fraud, and since his rights against the district are qualified by his obligation to pay or secure materialmen and laborers, he could not, in the face of his fraud, recover against the district; neither could his assignee or beneficiary.

It is urged by the appellant that the Crane & Ordway Company should recover in this case because the disbursement of school-district

funds in payment of the individual judgments against the members of the school board was unlawful, unauthorized, and void, and hence could not be the subject of a counterclaim against the plaintiff. As we view the case, it is it a matter of no concern to the Crane & Ordway Company that the school district has paid the personal judgments obtained against the members of the board, which judgments resulted from their personal liability for materials supplied by the Kellogg-Mackay Company in the absence of a contractor's bond. The fact that the school board might have misapplied the funds of the district does not in any way enlarge the rights of the Crane & Ordway Company as assignee of Rude. If any money has been unlawfully expended or appropriated by the members of the board, they are, of course, liable for its return to the treasury; but we fail to see how the Crane & Ordway Company could recover any part of it upon a warrant fraudulently obtained from the district.

Finding no error, the judgment is affirmed.