[File No. Cr. 90.]

## STATE OF NORTH DAKOTA, Respondent, v. C. F. MERRY, Appellant.

(243 N. W. 788.)

Opinion filed July 16, 1932.

*Scott Cameron,* for appellant.

*James Morris,* Attorney General, and *F. W. Medbery,* State's Attorney, for respondent.

BIRDZELL, J.   The defendant was convicted under a criminal information charging as follows:

"That heretofore, to-wit: On or about the 23rd day of April 1929, in the County of Mountrail and State of North Dakota, the above

naméd C. F. Merry, late of said County of Mountrail and State aforesaid, did commit the crime of offering for sale securities without complying with the provisions of Chapter 182 of the Session Laws of the State of North Dakota for the year 1923, as amended by Chapter 255 of the Session Laws of the State of North Dakota for the year 1927, which said crime was committed as follows, to-wit: That at said time ,and place the said C. F. Merry, then and there representing himself to be an officer and agent of the Dakotah Southern Railway Company, a foreign corporation organized and existing under and by virtue of the laws of the State of South Dakota, did then and there wilfully, wrongfully, unlawfully and feloniously offer for sale stock of the said Dakotah Southern Railway Company, a corporation, both common and preferred stock, to one Anton Olson; that at said time and place there had not been filed with the Securities Commission of the State of North Dakota a copy of the securities so to be promoted, or any of the statements and information, or a copy of the Charter and By Laws of said Dakotah Southern Railway Company, a. corporation, the names and addresses of the promoter, directors or trustees of said corporation and of any person owning ten per centum or more of the capital stock of said corporation, a statement showing in detail the plan on which the said business or enterprise is to be transacted, or a filing fee of at least Twenty-five ($25.00) dollars as provided by § 3 of Chapter 182 of the Session Laws of the State of North Dakota for the year 1923 as amended by § 5235a3 of Chapter 255 of the Session Laws of the State of North Dakota for the year 1927.

"This contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of North Dakota."

From the judgment of conviction and sentence, the defendant appeals. The first specification argued challenges the sufficiency of the foregoing information to charge a public offense. It is said the statute under which the charge was brought provides that it shall be unlawful for the "Investment Company" to sell, either as principal or through agents, any securities unless first there shall have been filed with the securities commission the statements enumerated in the statute (§ 5235a3 of chapter 255, Session Laws of 1927). The contention in this respect is that § 5235a3 of the statute is directed to the principal and not to the agent; that the information in question, since it

charges the defendant with representing himself to be an officer and agent of the Dakotah Southern Railway Company, attempts to charge him with the commission of an offense as such agent, rather than as a principal; and that the acts charged in the information, if constituting a penal offense, amount to an offense of which the principal only (the Dakotah Southern Railway Company) could be convicted under the statute. It is argued that the information charges the failure to furnish to the securities commission the twelve items set out in Section 5235a3, supra, and that there is nothing in the section placing on an agent the burden of furnishing the required information; that this is a burden which is placed on the principal and that, therefore, the statute is not reasonably susceptible of a construction that would penalize an agent for the failure of the principal to furnish the required information. The statute reads:

"Sec. 5235a3. It shall be hereafter unlawful for any person, co-partnership, association or corporation, hereinafter called the Investment Company, either as principal or through agents, to sell, or offer for sale, or by means of any advertisement circulars, or prospectus, or by any other form of public offering, to attempt to promote the sale of any securities in this state, unless there first shall have been filed with the Securities Commission; (1) A copy of the securities so to be promoted; (2) A statement in substantial detail of the assets and liabilities of the person or company making and issuing such securities and of any person or company guaranteeing the same, including specifically the total amount of such securities and of any securities prior thereto in interest or lien, authorized or issued by any such person or company, . . ." (Following are enumerated up to number 11 distinct items that must be shown and filed.)

We are unable to adopt the view of the appellant in construing either the information or the statute. The information charges that the defendant did commit the crime of offering for sale securities without complying with the provisions of the law. He is charged as principal, but in alleging the manner in which the crime was committed it is charged that he represented himself to be an officer and agent of the Dakotah Southern Railway Company and that he "did then and there wilfully, wrongfully, unlawfully and feloniously offer for sale stock of the said Dakotah Southern Railway Company, a corporation." He

is not charged here with selling either as an agent or as a dealer but with making a sale by representing himself to be an officer and agent.

The statute does not differentiate between the guilt of a principal and the guilt of an agent. It renders it unlawful for *any* person, co-partnership, association or a corporation, to sell securities "unless there first shall have been filed with the Securities Commission" the required statements. Guilt is personal and one violating this statute, as one violating any ordinary penal statute, may not shield himself by claiming to have acted merely as an agent for another. The statute is rather enlarged than restricted by the addition of the clause descriptive of those who may be held for violating it. They violate it whether they act "either as principal or through agents." In other words, any person selling, whether directly or through an agent, violates the law.

As we read the statute, there is no ambiguity injected into it either through the use of the term "Investment Company" or in the enumeration of the items that must be incorporated in statements filed with the securities commission, which enumeration includes principally matter to be supplied by the organization whose securities are being promoted rather than by another acting merely as an agent. The term "Investment Company" is an all-inclusive term. By the definition which the statute itself gives it, it includes persons, partnerships, associations and corporations. It is, therefore, an artificial term doubtless employed for purposes of convenience in the drafting of the act. Any person selling or offering for sale is an "Investment Company" within the prohibition of § 5235a3, supra.

The statute does not place upon the person selling the duty of filing the required statement with the securities commission. It prohibits the sale unless the required statement "shall have been filed" by whomsoever would be in a position to file it. The statute itself recognizes that the statement required to be filed might concern a person or company other than the person or company selling or attempting to sell, for it says "(2) A statement in substantial detail of the assets and liabilities of the person or company *making* and *issuing such securities* and of any person or company guaranteeing the same." It is clearly incumbent upon the person making the sale to ascertain whether or not the statement required by law has been filed with the securities com-

mission. Sales are prohibited by any person unless the statement has been filed. The information charges a public offense.

It is further contended by the appellant that the evidence does not warrant a conviction for the reason that it appears the defendant was charged with selling securities to Anton Olson, whereas the evidence shows that Anton Olson was interested in the project in question as an incorporator and that the law does not prohibit persons associating together in a common enterprise and agreeing to contribute thereto. There was introduced in evidence as a part of the cross-examination of Olson a document entitled, in typewriting, "Articles of Incorporation of the Dakotah Southern Railway Company." Above this title in script is written the word "Amended." At the end appear a large number of signatures. Sheets containing many of these signatures are pasted onto the last sheet of the articles. There are also notarial acknowledgments of some of the signatures so attached but not of others. The signature of Olson is upon one of the sheets artificially attached. Olson testified admitting the signature. He said he did not read the document and he did not understand when he wrote his signature that he was becoming an incorporator of a railroad company, but that he signed in response to the defendant's solicitation understanding he would be helping to finance the project. Another witness named Jenson testified he was present at the time the defendant solicited Olson. He was shown the document appearing to be amended articles of incorporation. He said "This isn't the one he showed him. · It had a bunch of names on there from South Dakota and around Dickinson as the incorporators and he did show him that petition. Now, he says, 'What I want these names for,' he says, 'the Interstate Commerce of Railroads demand that I shall have'—I don't remember whether it was twenty or twenty-five men—'onto each mile and that they demand that you take one hundred dollars worth of stuff in there to show that you are directly interested in this.' "

The evidence is clearly susceptible of an interpretation that Olson was not solicited to become an incorporator of the company but was solicited to purchase the stock which he did purchase and which was later delivered to him and that whatever was done by way of making him appear as an incorporator was done for the purpose of clothing the transaction with apparent legality. The evidence thus presented a

question of fact for the jury as to whether Olson was an incorporator or a purchaser of stock and a full, fair and complete charge covering this matter was given by the court in submitting the case to the jury. The jury found against the defendant and we are of the opinion that the evidence is sufficient to support the verdict in this respect.

The appellant challenges the judgment and sentence as being excessive. The defendant was sentenced to the penitentiary for one year and to pay a fine in the sum of $2,000. The statute (§ 5235a20 of the 1925 Supplement to the Compiled Laws of 1913) provides that any person violating § 3 of the act shall be deemed guilty of a felony and on conviction shall "be punished by a fine of not less than one hundred nor more than five thousand dollars, or by confinement in the North Dakota state penitentiary for a term of not less than one nor more than seven years." This does not authorize sentence of both fine and imprisonment. The judgment is therefore erroneous in this respect. The verdict, however, is valid and the record shows the defendant has had a fair trial. The error in the passing of sentence is one that may be corrected by the trial court upon the remand of the case. See Territory v. Conrad, 1 Dak. 363, 46 N. W. 605; State v. Cruikshank, 13 N. D. 337, 100 N. W. 697; State v. Barry, 14 N. D. 316, 103 N. W. 637; State v. Gunderson, 42 N. D. 498, 173 N. W. 791.

The judgment appealed from is reversed with directions to sentence the defendant to either fine or imprisonment, but not both, as provided by § 5235a20 of the 1925 Supplement to the Compiled Laws of 1913.

CHRISTIANSON, Ch. J., and BURR, NUESSLE and BURKE, JJ., concur.