[Cr. File No. 119.]

STATE OF NORTH DAKOTA, Respondent, v. REINHOLD GRAMS, Appellant.

(259 N. W. 86.)

Opinion filed February 6, 1935.   Rehearing denied March 13, 1935.

G. W. *Twiford* (*Nestos, Herigstad & Stenersen,* of counsel), for appellant.

*R. W. Palda,* for respondent.

Buer, J. The defendant was charged with the crime of having intoxicating liquors in his possession, a verdict of guilty was returned

and the defendant made a motion for a new trial which motion was overruled. Judgment being entered on the verdict defendant appeals from the judgment and from the order denying a new trial.

There are twenty-two specifications of error; but we need not set them forth separately. Prior to the impaneling of the jury the defendant raised the same objections as were raised in the case of State v. Stoddard, ante, 238, 257 N. W. 479, decided at this term, relative to the jury list and failure to keep the names of the jury box at the maximum number required by statute. The situation is the same as in the Stoddard case and is governed thereby.

The defendant objected to a trial before Judge Lowe on the ground that this judge had presided at the previous term of court and therefore was disqualified to try this case under the provisions of chapter 111 of Session Laws of 1929. There is no merit in this contention. The statute cited provides that the terms of court shall be fixed by order of the supreme court, "so that no judge shall, without permission of the supreme court, and for good cause shown, hold two consecutive jury terms in any county in his district." Judge Gronna, who was presiding at this term, requested Judge Grimson of the second judicial district to try the case. Defendant filed an affidavit of prejudice against Judge Grimson and this court designated Judge Lowe to try the case. Judge Lowe was not presiding at the term of court. He was acting, not only with the "permission of the supreme court for a good cause shown," but also at the direction of the court.

It is said the trial court erred in denying the motion to dismiss the case made at the close of the state's case, and refusing to advise the jury to bring in a verdict of acquittal. This court has repeatedly held that no error can be predicated on the refusal to advise the jury to acquit (State v. Wright, 20 N. D. 216, 126 N. W. 1023, Ann. Cas. 1912C, 795; State v. Farrier, 61 N. D. 694, 240 N. W. 872), nor the refusal to grant a motion to dismiss made at the close of the state's case. State v. Albertson, 20 N. D. 512, 128 N. W. 1122.

It is said the trial court erred in permitting the state's attorney to add the name of W. L. Bakeman to the information. This objection was not presented to the trial court on the motion for a new trial. It must therefore be considered as waived. State v. Glass, 29 N. D. 620, 151 N. W. 229. However, the record shows that before permitting the

name to be endorsed the court made inquiry as to why the name was not placed on the information before it was filed. The court was satisfied with the assurance of the state's attorney that he did not know that Bakeman was a witness at the time he filed the information, and did not know until the day prior to the application. There was no error in this even if the matter could be raised now. Section 10,631 of the Comp. Laws permits names of additional witnesses to be endorsed. See State v. Albertson, 20 N. D. 512, 128 N. W. 1122, supra; State v. Marty, 52 N. D. 478, 485, 203 N. W. 679, 682.

Appellant urges the court erred in sustaining objections to three offers of proof. The defendant was arrested as the result of a raid on what is known as the Poppy Shop in Minot. The wife of the defendant testified she operated this Poppy Shop, sold soda fountain goods, ice cream, malted milk, coffee, sandwiches, etc., and was "serving meals there at the time for the different employees in the building." The record shows the shop is in the front sixteen feet of the northwest corner of the building known as the Minot Bakery Building operated by the defendant and there were entrance ways between the two establishments. There were a number of employees in the bakery as well as men working there on repairs. In addition the witness testified she had one woman helping her. At the time of the raid the officers found a pint of alcohol, a small quantity of whiskey and 48 pints of beer in this Poppy Shop and back of the soda fountain.

One offer of proof attempted to show by the defendant's wife that men working in the Minot Bakery had access to the Poppy Shop on April 19, 1933, were permitted to go behind the soda fountain, and that several of them did so. The second offer of proof attempted to show by this witness that the defendant had nothing to do with the operation of the Poppy Shop. But as to this the wife testified she managed and operated it. The third offer was an attempt to prove by her that at some time prior to the raid she had found intoxicating liquor in the Poppy Shop and that she had taken and destroyed it. The fourth was an attempt to prove by her that the defendant was a baker and at that time was operating the Grams Bakery in the adjacent building.

There was no error in sustaining the objections to these offers of proof. The defendant was charged with having intoxicating liquor in

his possession. There was no attempt to show that any of the workers referred to had any intoxicating liquor or placed any intoxicating liquor behind the soda fountain on April 19, 1933 or that defendant operated the shop, and in any event it could not be proved by this witness as she testified explicitly that "On that particular day I was out of town." She said: "I left the day before in the afternoon and I came back in the afternoon—late in the afternoon after the officers had been there." She testified specifically that no one had an interest in the business with her, except a Mrs. M. who was not active in the business, and it is immaterial that the defendant may have been a baker.

Objection is taken to a certain instruction given by the court in the written charge.

There was no error in the excerpt given. It says:

"The defendant is charged with the crime of engaging in the liquor traffic. Should the jury find the defendant was in possession of either alcohol or whiskey as charged in the information in this County and State on or about the 19th day of April, 1933, it would be your duty to find the defendant guilty; otherwise you should find the defendant not guilty."

The court had instructed as to the charge against the defendant, the time and place alleged, the burden of proof, presumption of innocence, reasonable doubt, etc. There was no command on the part of the court to find the defendant guilty, nor any statement as to the judge's opinion, as defendant claims. Defendant says:

"No whiskey was introduced in evidence, its alcoholic or intoxicating content was not proven by any competent evidence, the jury was not instructed as to the statutory presumption; whiskey in the possession of the defendant, its intoxicating content, were material allegations."

But testimony is here showing alcohol and whiskey taken, and by an expert, that the samples taken run from 80 per cent to 88 per cent alcohol. The defendant is charged with having intoxicating liquors in his possession, and whiskey and alcohol are intoxicating liquors— so defined by our statute. Supp. § 10,105. There is no testimony to the contrary, and no one disputes the officers that they seized alcohol

and whiskey. We may presume they knew what they were saying under oath.

The court is charged with error in refusing to admit in evidence the written lease of the building which, we assume from the questions, would show the wife of the defendant to be the lessee of the Poppy Shop and contained a provision giving her an option to renew it for five years. There was no error in this. The defendant was not charged with keeping and maintaining a common nuisance and the court permitted the witness to testify that she managed and operated the Poppy Shop. No one denied this.

There are several specifications of error to rulings on the admission or rejection of testimony. One deals with refusal to strike out testimony of the sheriff regarding the liquors he took with him at the time of the raid. He called them alcohol, whiskey and beer. There was no objection to this portion of his testimony and the motion to strike out came too late. We have examined the other objections raised. One specification of error includes the record of over two pages, with numerous rulings. Many of them are correct. Some questions were answered without objection and then motion made to strike out the question and answer. We have examined all and find no merit in these specifications. The remaining objections are based on the insufficiency of the evidence to sustain the verdict. This is the principal basis for appeal. The main witnesses on this trial were the officers who made the raid and the wife of the defendant. The defendant did not testify, and furnished but one witness—his wife. The wife testified she was not in town at the time of the raid, and she had a woman working for her. The officers testified that when they entered the place they found the defendant in his shirt sleeves back of the counter near the fountain, and another man unknown to the officers. The officers were acquainted with the defendant and when they came in defendant immediately ran out through the rear. One of the officers chased him but he was not apprehended until the next day. The officers saw no woman there, working or otherwise, and no one testified there was. The officers found behind the counter near the fountain the intoxicating liquors described, and this was the place or practically the place where the defendant was standing behind the counter when they saw him at first. The wife testified that the beer belonged to her, but the

whiskey and alcohol did not. One witness testified that "just prior to the 19th day of April, 1933" (the date charged in the information), he saw the defendant in the Poppy Shop and he was working there with his coat off, and in his shirt sleeves. The action of the defendant in departing hastily may be an exemplification of the old statement "The wicked flee when no man pursueth." It is generally considered as some evidence of consciousness of guilt. None of the officers had told him why they came. If they had a search warrant they had no opportunity to exhibit it. All in all we cannot say the jury was not justified in finding from the evidence that the whiskey and alcohol belonged to the defendant. Its location, his actions, his relation to the operator of the Poppy Shop, the location of his bakery and this place, and the testimony of the wife were all before the jury. The trial court reviewed this testimony on the motion for a new trial and found there was sufficient evidence to justify the verdict. We are constrained to uphold this view. Therefore the judgment is affirmed.

BURKE, Ch. J., and CHRISTIANSON and NUESSLE, JJ., concur.

MORRIS, J., did not participate.