[File No. Cr. 165.]

THE STATE OF NORTH DAKOTA, Respondent, v. JAMES P. COLOHAN, Appellant.

(286 N. W. 888.)

318

Opinion filed June 27, 1939.

319

*Allen W. Wood* and *Chauncey B. Simons,* for appellant.

*Alvin C. Strutz,* Attorney General, *Ralph F. Croal,* State's Attorney, and *Odin J. Strandness,* for respondent.

BURR, J. The defendant was convicted of the crime of "Operating a Motor Vehicle While under the Influence of Intoxicating Liquor," under the provisions of § 2 and § 62 of chapter 162 of the Session Laws of 1927, the specific facts charged being that "the said defendant did wilfully and unlawfully operate and drive a motor vehicle upon the streets of Fargo, North Dakota, while being under the influence of intoxicating liquor." The maximum penalty set forth in § 62 of the act is imprisonment in the county jail for one year and a fine of five hundred dollars for the first offense and imprisonment in the county jail for not less than one year and a fine of one thousand dollars for the second offense.

The defendant entered a plea of "not guilty." After the case was called for trial, but before the jury was drawn, he asked and obtained leave to withdraw this plea in order to demur to the information. The demurrer alleged that the information did not state facts sufficient to constitute a cause of action, basing the same upon the subdivisions (a), (b), and (c) hereinafter set forth. The demurrer was overruled. The record does not show any entry of plea thereafter. A jury was im-

paneled and sworn and testimony introduced by the State. The case was submitted to the jury under instructions by the court and the verdict of "guilty" returned.

When the verdict was returned the defendant made a "motion to vacate verdict, dismiss complaint and discharge defendant," basing the motion upon the identical grounds used as the basis for the demurrer. This motion was overruled. The defendant then made a motion "in arrest of judgment, or in the alternative for a new trial . . .," basing this upon the same grounds. This motion was overruled, and sentence was pronounced. Thereupon the defendant appealed to this court.

The notice of appeal states the appeal is taken from "the following orders and judgment, to wit:

"1. From that certain order refusing Motion in arrest of Judgment or in the alternative for a new trial, a copy of which Motion and Order is hereto attached and made a part hereof;

"2. From that certain other Order refusing defendant's Motion to vacate the verdict, dismiss the Complaint and discharge the defendant, a copy of which said Motion and Order thereon is hereto attached and made a part hereof;

"3. From that certain final Judgment of conviction entered herein upon the same grounds and reasons specified in the two preceding Motions and Orders thereon, a copy of which said Judgment is hereto attached and made a part hereof."

Thus, the appeal is limited to these grounds.

In the specifications of error the defendant sets forth as Nos. 1, 2, and 3 grounds used as a basis for his demurrer and the various motions which were made. As No. 4 he specifies as erroneous a portion of the charge to the jury; as No. 5, "that the court was without jurisdiction to try the case without a plea of 'not guilty' by the defendant" and "erred in not obtaining a plea from the defendant." As No. 6: "That the evidence was insufficient to sustain a verdict of guilty in that the evidence did not prove that the defendant was driving a Motor Vehicle while under the influence of liquor as contemplated by law under the directions of the court as to what constituted being under the influence of liquor."

As No. 7 and No. 8 he specifies the overruling of objections to the taking of testimony and of his motion to dismiss made at the close

of the case. As No. 9 he alleges: "That the court erred in staying the progress of the trial and allowing a jury, composed of members of the same panel to bring in and announce a verdict of guilty in a similar case against another defendant previously tried all in the presence of the jury herein. The same being prejudicial to the rights of the defendant."

As No. 10 appellant complains of excessive penalty under the statute.

Specifications No. 1, No. 2, No. 3, No. 7, and No. 8 will be considered together.

No exception to any portion of the charge was taken or filed, and therefore we do not consider specification of error No. 4. See State v. Shoars, 59 N. D. 67, 228 N. W. 413; State v. Johnson, 68 N. D. 464, 281 N. W. 16; State v. Gibson, ante, 70, 284 N. W. 209, 221.

There is no dispute as to the facts. They are ample to justify conviction and need not be set forth. There is no merit in specification No. 6.

With reference to specification of error No. 9 the defendant says in his brief: "There is no specific legal authority that we have found upon the prejudicial effect of the foregoing, but it will appear from the standpoint of equity and justice that the effect upon the jury of a verdict of guilty in a similar case in the presence of the jury, the verdict being rendered by members of the same panel would have an influence upon the minds of the jury in the case."

The record does not show that during the progress of this trial the court paused to receive a verdict of a jury drawn in another case, and if the court did so, there is nothing in the record to show that the defendant made any objection to this action at that time. The alleged error was never called to the attention of the trial court. It is not made a ground for new trial, and no prejudicial error has been shown. We cannot consider matters not shown by the record, nor on the appeal to the supreme court may the defendant specify as a basis for a new trial any ground not urged in the lower court as the basis for the new trial. See State v. Krantz, 55 N. D. 683, 215 N. W. 157; State v. Potter, 60 N. D. 183, 190, 233 N. W. 650, 653; State v. Grams, 65 N. D. 400, 259 N. W. 86.

As set forth hereinbefore the record shows the defendant had entered a plea of "not guilty," which plea was withdrawn in order to

interpose a demurrer, and there is nothing in the record which shows that thereafter a plea of "not guilty" was entered. The record shows the defendant was present in court and with his counsel during all of the proceedings and the trial proceeded as if the plea of "not guilty" had been entered. When testimony was offered defendant objected to the taking of testimony but only on the grounds stated in his demurrer, the objection being overruled. At the close of the State's case the defendant moved for dismissal "on the same grounds set forth in writing in the demurrer which has been filed . . . ," and this motion being denied, he rested. He fully cross-examined all witnesses who testified; he had full opportunity to present any defense he cared to offer and offered none. When making his motion to dismiss at the close of the State's case he said: "This case depends a good deal on some legal questions that have arisen, and which have been presented to the court, and which cannot be submitted to the jury, and the defendant and myself in discussing this situation have determined to stand upon our legal grounds as have been presented to the court and with which you have nothing to do. Consequently under that situation the Defense rests."

When the court inquired of counsel for each side, "Does counsel consent to an oral charge?" both answered "Yes." In his motions for dismissal and for arrest of judgment and for a new trial he refrained from mentioning that no plea had been entered. By going to trial as he did under the circumstances he in effect entered a plea of "not guilty" or waived the entry of the plea. In the charge to the jury the court stated the defendant had entered a plea of "not guilty" and charged expressly as to the effect of such plea. On the trial, when the jury was being called and after his demurrer was overruled, the defendant stated specifically: "The defendant hereby waives any and all irregularities there may be in the calling of talesmen and agrees and stipulates that the defendant is in no way prejudiced by such irregularity, if any, and agrees that he will not raise that point at any place in the proceedings."

True, there is nothing therein stated specifically about a plea, but this shows the defendant went to trial and permitted the formation of the jury without protest—in fact, apparently to expedite matters, agreed to the calling of talesmen. That proceeding to trial in this way

is equivalent to the waiving of the entry of plea is shown in State v. Reddington, 7 S. D. 368, 64 N. W. 170. Inadvertent omission of entry of plea in such a case as this is not reversible error when accused is allowed to make his defense as fully and effectively as if issue had been joined. Hack v. State, 141 Wis. 346, 124 N. W. 492, 45 L.R.A. (N.S.) 664. See note in 45 L.R.A.(N.S.) 664. Our statute provides: "After hearing the appeal, the court must give judgment without regard to technical errors or defects or exceptions which do not affect the substantial rights of the parties." Comp. Laws, § 11,013.

What is said in State v. Stepp, 48 N. D. 566, 569, 185 N. W. 812, 813, has force here even though the situation was somewhat different, to wit:

"In no event can it be said that any substantial right of the defendant was affected adversely by not affording him an opportunity to plead anew before the second trial commenced. That trial proceeded and was had upon the theory that the plea of not guilty, which had originally been entered, remained in full force and effect. The defendant, upon the witness stand, positively denied the charge against him, and in his instructions to the jury the trial judge said:

" 'When arraigned upon that information the defendant pleaded not guilty to that charge, and that puts in issue or denies every material allegation contained in the information and makes it necessary for the state to prove the defendant guilty to your satisfaction, beyond a reasonable doubt, before you would be justified in returning a verdict of guilty against this defendant.'

"Under our laws, it is the duty of this court, after hearing an appeal in a criminal action, to 'give judgment without regard to technical errors or defects or exceptions, which do not affect the substantial rights of the parties' (Comp. Laws 1913, § 11,013)."

There is no prejudicial error shown with reference to specification No. 5. Defendant cannot now be heard to urge this matter.

With reference to specifications 1, 2, 3, 7, and 8 appellant claims the statute under which the defendant was convicted is unconstitutional in that it violates § 61 of the Constitution of this state, which provides: "No bill shall embrace more than one subject, which shall be expressed in its title, but a bill which violates this provision shall be invalidated thereby only as to so much thereof as shall not be so expressed."

Appellant, in his demurrer, alleged:

"That the law under which the information is drawn is chapter 162 of the Session Laws of North Dakota for 1927 entitled 'Highway Traffic Regulations' and particularly § 2 of Title 1 and § 62 of title 5 of said Act are unconstitutional and void for the following reasons:

"(a) That said sections constitute separate and individual subjects from the remainder of said Act and are not stated in the title of same, the title therein covering Fines and Forfeitures, only, and in no manner relating to criminal prohibition and are a violation of § 61 of the Constitution of the State of North Dakota. . . .

"(b) That said law being chapter 162 of the North Dakota Session Laws of 1927 is in violation of said § 61 in that the enactment covers more than one subject in that the regulation contained in § 62 in said Act is not a mere matter of regulation of motor traffic, but is a matter of state-wide importance relating particularly to the protection of the lives of the citizens of the state.

"(c) That by the grant of the specific powers delegated to Cities by subsection 5 of § 2 of chapter 175, North Dakota Session Laws of 1933, the legislature of the state of North Dakota did not reserve the right to legislate on the subject set forth in said § 62 of chapter 162, North Dakota Session Laws of 1927 and any right retained by the legislature at date of said Enactment was annulled by the passage of chapter 175 of the Session Laws of 1933 as aforesaid."

Chapter 162 of the Session Laws of 1927 is not open to attack on the ground that the bill embraces more than one subject. The title of the bill is: "An Act Regulating the Operation of Vehicles on Highways and Providing for Traffic Signs and Signals and Defining the Power of Local Authorities to Enact or Enforce Ordinances, Rules or Regulations in Regard to Matters Embraced within the Provisions of this Act and to Provide for the Enforcement of this Act and the Disposition of Fines and Forfeitures Collected Hereunder and to Make Uniform the Law Relating to the Subject Matter of this Act."

It is clear the bill was designed to accomplish one general object—highway traffic regulation. To accomplish this design the legislature enacted a comprehensive statute governing this general subject. It is true the law deals with definitions, rules of the road, load weights, light of vehicles, traffic signs, the power of local authorities to enact

ordinances in harmony therewith, and the enforcement of the act; but these features are germane to the title. It is expressly stated that the law is enacted "to make uniform the law relating to the subject matter." When the title indicates that several matters relating to the same general subject are embodied, it can not be said that it embraces more than one subject. Great Northern R. Co. v. Duncan, 42 N. D. 346, 176 N. W. 992; State ex rel. Gaulke v. Turner, 37 N. D. 635, 164 N. W. 924.

Neither is the statute open to the charge that the particular section under which the information is drawn is not expressed in the title. The provisions of this section of the Constitution are to be construed liberally (Power v. Kitching, 10 N. D. 254, 258, 86 N. W. 737, 88 Am. St. Rep. 691; Powers Elevator Co. v. Pottner, 16 N. D. 359, 361, 113 N. W. 703, 704); are met when the subjects are germane or reasonably connected with the subject expressed in the title (Powers Elevator Co. v. Pottner, supra; State ex rel. Poole v. Peake, 18 N. D. 101, 120 N. W. 47); are intended to prevent the assemblage of incongruous and unconnected legislation (State ex rel. Kol v. North Dakota Children's Home Soc. 10 N. D. 493, 499, 88 N. W. 273, 276); and are satisfied when all the provisions of the act are consistent with the avowed purpose of the act. Thompson Yards v. Kingsley, 54 N. D. 49, 208 N. W. 949. It is not intended that the title should be an index or catalog of details. State ex rel. Kol v. North Dakota Children's Home Soc. supra. As stated in Steele County v. Erskine (C. C. A. 8th) 98 F. 215, 221, by the terms of § 61 of our Constitution, "The subject of a statute is one thing, and its detailed provisions quite another; one is the topic, the other its treatment; one is required to be stated in the title, the other not."

The objection urged in this respect seems to be that the specific offense and punishment therefor is not expressly referred to in the title and therefore the act is broader than the title. Such objection is fully answered in State v. McEnroe, 68 N. D. 615, 624, 283 N. W. 57, 61.

Appellant urges that title does not include punishment for being drunk in a public place, or on a public street, or for being intoxicated or under the influence of narcotics, that such acts are punishable under our criminal statutes which have not been repealed, and that these of-

fenses are not germane to the purpose as expressed in the title of this act involved.

Appellant is confused as to the purpose of §§ 2 and 62 of the act. These sections do not purport to punish for being drunk, etc. The prosecution is for drunken driving. The driving while in this drunken condition is what is being controlled, and certainly driving on the public streets is within the purview of the title.

Appellant urges, in effect, that whenever a penalty is prescribed for violation of certain regulations embodied in a part of the Civil Code, the title of the act must contain a specific reference to the criminal offense and to the penalty prescribed. There is no such requirement in § 61 of the Constitution. Whatever be the act—whether a part of the Civil Code or of the Criminal Code—the purpose must be expressed in the title and regulatory measures conforming thereto may contain provisions for the enforcement thereof. Statement in the title that the act makes provision for the enforcement of the act is a sufficient compliance with this mandatory requirement of the Constitution.

The title of the act embraces the enforcement of the provisions of the act and the disposition of fines and forfeitures. Because the title makes special mention of "disposition of fines and forfeitures" does not limit the enforcement of the act to fines and forfeitures. This part of the title, "to Provide for the Enforcement of the Act," is broad enough to include all manner of enforcement, and, therefore, the provision dealing with imprisonment is within the title.

Point (c) is based upon the theory that because the legislature, in chapter 175 of the Session Laws of 1933, making a grant of special powers to cities, authorizes a city "To prohibit by ordinance the driving of any motor vehicle or other conveyance upon the streets, alleys, or other public ways of the city by any person under the influence of intoxicating liquor, or narcotics, and to punish the offender by a fine not to exceed one hundred ($100) dollars; or by imprisonment not exceeding ninety (90) days, or both such fine and imprisonment," and in the statute "did not reserve the right to legislate on the subject set forth in said § 62 of chapter 162" of the Session Laws of 1927, therefore such § 62 of chapter 162 is annulled. In his brief appellant, while setting forth this claim, does not argue this point, and therefore we may

deem it abandoned. However, it must be clear that because the legislature authorized cities to enact ordinances prohibiting drunken driving on the streets, this does not repeal § 62 of chapter 162 of the Session Laws of 1927. It may create an extra hazard for the drunken driver, but it does not amount to a surrender of legislative power.

The tenth specification deals with a claim of excessive penalty.

The record shows the defendant was sentenced to imprisonment in the county jail of Cass county for four months and to pay a fine of one hundred dollars and the costs. In the sentence the court provided that "Deft. restrained from driving a car for period of one year." In the specifications of error attached to the notice of appeal it is alleged that because the court deprived the defendant of the right to drive a car, it became mandatory upon the court to suspend prison judgment.

Section 62 of chapter 162, after prescribing the penalty for first and subsequent violations of the act, provides: ". . . that the court in sentencing any person either for a first or a subsequent violation of this act, may suspend any sentence of imprisonment or any part thereof, and make its order that the person so sentenced shall be precluded from driving any automobile within this state for a period of not to exceed two years. Upon proof to the satisfaction of the court that such order has been disobeyed such suspension shall be by the court revoked."

It is clear from this portion of the statute that the power of the court to enter an order depriving the defendant from driving an automobile may be exercised in such cases only where the court suspends the execution of the sentence of imprisonment. The judgment in this case does not suspend the execution of the sentence of imprisonment. The material portion of the sentence "is that you, James P. Colohan be imprisoned in the County Jail of Cass County, in said State, for the term of 4 months commencing at twelve o'clock, noon, of this day, and that you pay a fine of One hundred & no/100 ($100.00) Dollars, and costs of prosecution, taxed at the sum of Five & 70/100 ($5.70) Dollars, which are adjudged against you, amounting together to the sum of One hundred five & 70/100 ($105.70) Dollars, and in default of said fine and costs, that you be imprisoned in the County Jail of said County and State for the further period of —— days, and that you stand committed until the sentence be complied with. Deft. restrained from driving a car for period of one year."

The judgment is in conformity with this sentence. There being no suspension of the sentence of imprisonment, the trial court was not authorized to restrain the defendant from driving a car for any period and therefore this order was improvidently issued. The state argues that the court was justified in thus restraining the defendant because of the provisions of chapter 163 of the Session Laws of 1929. Such chapter has no application here. The defendant was not prosecuted for any violation of this chapter. This chapter requires one "convicted of driving a motor vehicle upon a public highway while under the influence of intoxicating liquor or narcotic drugs" to secure and file a surety bond before again driving a motor vehicle and makes it the duty of the judge before whom the trial was had "to make a full and complete report to the registrar of motor vehicles, of any conviction had in his court." Nowhere does it provide for a restraining order. But because the trial court inflicted the penalty of imprisonment, with the additional penalty of restraint from driving the car, does not say that the trial court by so doing ipso facto suspended the execution of the sentence of imprisonment. It was for the trial court to pass sentence in conformity with law. The conviction is affirmed; but since the court misinterpreted the statute in this respect, the sentence inflicted is set aside and the case is remanded to the trial court with directions to pass sentence in conformity herewith. See State v. Merry, 62 N. D. 339, 243 N. W. 788.

NUESSLE, Ch. J., and CHRISTIANSON, MORRIS, and BURKE, JJ., concur.