# THE THOMPSON YARDS, Inc., a Corporation, Appellant, v. J. KINGSLEY, Albert Mustad, Willie Olson and Jeff Long. ALBERT MUSTAD, Willie Olson and Jeff Long, Respondents.

### (208 N. W. 949.)

**Officers — failing to take bond from contractor for public improvement, liable same as sureties on contractor's bond given as required by statute.**

1. Section 6833 of the Compiled Laws for 1913 subjects officers and members of boards failing to take bonds from contractors for public improvements to a liability substantially the same as the liability of sureties on a contractor's bond, where such bond is given as required by § 6832.

**Officers — principal and surety — statute requires assumption of liability on part of contractor in favor of laborers and materialmen similar to mechanic's lien on private property.**

2. Section 6832 of the Compiled Laws for 1913, requiring public officers or members of boards to take from contractors for public improvements bonds conditioned for the payment of claims on account of labor or materials furnished "to stand as security for all such bills, claims and demands until the same are fully paid," is construed and held to require the assumption of a liability on behalf of a contractor for public improvements in favor of laborers and materialmen similar to the security of a mechanic's lien for improvements of private property.

**Officers — principal and surety — extension of time of payment does not release bondsmen or public officers who neglected to require bond of contractor.**

3. An extension of the time of payment of an account for labor or materials does not release the liability in favor of laborers and materialmen which the statute imposes upon contractors' bondsmen or, in the absence thereof, upon public officers or members of boards neglecting the statutory duty.

**Guaranty — principal and surety — guarantor not released by subsequent transactions between principal debtor and creditor not releasing debtor or payment of claim.**

4. One who stands in the relation of a guarantor or a surety upon an obli-

---

Note.—(1) On liability of officer to take bond, see 22 R. C. L. 633; 5 R. C. L. Supp. 1213.

(5) Constitutional provision that statute may include only legislation germane to subject expressed in title, see 25 R. C. L. 843; 4 R. C. L. Supp. 1604; 5 R. C. L. Supp. 1349; 6 R. C. L. Supp. 1487.

54 N. Dak.—4.

gation which is required by statute to stand as security until certain claims are fully paid is not released by a subsequent transaction between the principal debtor and the creditor which does not result in the release of the debtor or the payment of the claim.

**Statutes — constitutional requirement as to title of bill is satisfied if subject is fairly expressed in general terms.**

5. The requirements of § 61 of the state Constitution that no bill shall embrace more than one subject, which shall be expressed in the title, are satisfied if the subject of legislation be fairly expressed in general terms and if all the provisions in the act are fairly germane to that subject and consistent with the avowed purpose.

Opinion filed April 22, 1926.

Guaranty, 28 C. J. § 150 p. 992 n. 48 New. Officers, 29 Cyc. p. 1442 n. 92. Principal and Surety, 32 Cyc. p. 151 n. 62. Schools and School Districts, 35 Cyc. p. 960 n. 73; p. 961 n. 77. Statutes, 36 Cyc. p. 1028 n. 23; p. 1029 n. 25, 27 New.

Appeal from the District Court of Steele County, *Cole,* J.
Reversed.

*C. A. Lyche* and *B. F. Spalding,* for appellant.

The taking of a note does not raise any implication that the creditor agreed to extend the time of payment, but that such an agreement must be proved as a fact, dependent on the understanding of the parties at the time the security was given. Phœnix Brewing Co. v. Remburger, 159 Am. St. Rep. 547.

By taking notes and obtaining judgment against a corporation for wages, and by receiving a percentage out of corporate assets, the employee does not waive his rights against individual shareholders under the statute making them liable. Jackson v. Meek, 10 Am. St. Rep. 620.

Whether the note extinguished account is a question of intention, and the general rule is that the giving of the note by debtor amounts at most to conditional payment, and it does not operate to extinguish debt unless the note is paid and evidence of intent is material. State ex rel. Olson v. Royal Indemnity Co. 44 N. D. 550.

The statutes are generally construed as remedial and, therefore, given a liberal construction in favor of the beneficiaries. Freeland v. McCullough, 43 Am. Dec. 685.

By becoming a stockholder one assumes the liability for debts imposed

by law; that this liability is not penal or statutory but purely contractual. See Hanson v. Davison, 76 N. W. 254.

Where creditor, at request of corporation, gives a further time within which to pay the debt, this does not have the effect of discharging the directors, since they are conclusively deemed to have assented thereto. James v. Barlow, 62 N. Y. 202.

The creditor may waive his rights only by conduct on his part either at the time of making the contract or subsequently, indicating a clear understanding between the contracting parties that the creditor is to look only to the corporate funds and not to the individual liability of the shareholders. Thomp. Liability of Stockholders, § 75; Cook, Stock & Stockholders, § 217; Morawetz, Corp. § 871.

P. O. Sathre, C. S. Shippy and W. J. Courtney, for respondents.

The title must state the subject of the fact for the information not only of the legislature but for the public generally. State v. Morgan, 48 N. W. 317.

When the subject of the act was properly expressed in its title, the act might create the means and instrumentalities required for its own accomplishment. State v. Nomland, 3 N. D. 427.

If the act relates to one subject-matter, which is properly expressed in the title and also embraces provisions not related to such subject, which are not mentioned in the title, then the foreign or unrelated matters will be separated from the rest of the statute, if possible, and rejected, while the main body of the act will be sustained. People v. Briggs, 50 N. Y. 553; Cooley, Const. Law, 148; Richard v. Stark County, 8 N. D. 392.

The liability of such officers when acting in good faith is more in the nature of suretyship than a tort. Whatever the officers or members of the board, under such circumstances, are bound to pay, or whatever the board as such had paid for labor and material which the plaintiff was legally bound to pay, they cannot recover. Wells v. Board of Education, 44 N. W. 267.

A surety is a person who, being liable to pay a debt, or perform an obligation, is entitled, if it is enforced upon him, to be indemnified by some other person, who ought himself to have made payment, or performed before the surety was compelled to do so. 21 R. C. L. 947; Smith v. Sheldon, 35 Mich. 32, 24 Am. Rep. 529.

If a creditor receives from his principal debtor a note for his debt, payable one day after date, the surety is thereby discharged, and evidence on the part of the creditor is inadmissible to show that the note was intended as a mere memorandum and not as an extension of credit. Fellows v. Prentiss, 3 Denio, 512, 45 Am. Dec. 484.

BIRDZELL, J.  This is an appeal from a judgment in favor of the defendants and from an order denying a motion for a new trial.  The defendants were members of the school board of Franklin district in Steele county.  As such, they entered into a contract with the defendant Kingsley to erect a school house for the district.  They took no bond for the protection of those who might supply the labor and materials, such as they were required to take by § 6832 of the Compiled Laws for 1913.  The plaintiff and appellant sold Kingsley material which was used in the building, for which the latter became indebted and owed an unpaid balance of $553.  On December 29, 1920, the plaintiff's local agent took a note from Kingsley for the amount of the unpaid account, which note bore 10 per cent interest and was payable April 1, 1921.  Upon the taking of this note the account was not credited as paid.  This action is brought under the statute above cited, which makes it the duty of a board contracting for the erection, repair, alteration and betterment of a public building, before entering into any contract, to take a bond conditioned for the payment of all claims on account of labor and materials, and § 6833, which provides that the failure to take such a bond shall render the members who thus fail personally liable for all such bills not paid within thirty days after the completion of the work.  At the conclusion of the trial, both parties moved for a directed verdict and the court subsequently made findings of fact and conclusions of law, upon which judgment was entered for the defendants, other than Kingsley, the contractor, who made no defense.

The principal contention of the appellant is that the members of the school board are liable under the statute as for a tort and not as sureties within the statutes defining that relationship and declaring the circumstances in which sureties are discharged.  On the other hand, it is contended that the members of the board are sureties and that the taking of the note in December, 1920, operated as an extension of the

time of payment of the account until April 1, 1921, which discharged them.

In considering the questions of law presented on the record, resort must first be had to the statute imposing the liability sought to be enforced to determine its character and extent. As the liability is statutory, it must be measured in the light of the purpose to be subserved and, obviously, it should not be so defined as to defeat any purpose which is expressed in the law with reasonable clearness and certainty. The sections of the statute involved read as follows:

"Section 6832. It shall be the duty of every public officer or board authorized to enter into a contract for the erection, repair, alteration or betterment of any public building or any other public improvements before entering into any such contract, to take from the contractor a good and sufficient bond for an amount at least equal to the price stated in the contract, conditioned to be void if the contractor and all subcontractors shall pay all bills and claims on account of labor or materials furnished in and about the performance of said contract, including all demands of subcontractors, said bond to stand as security for all such bills, claims and demands until the same are fully paid. The obligee in said bond shall be the state of North Dakota; but any person having any lawful claim against the contractor, or any subcontractor, on account of labor or materials, or both, furnished in and about the performance of said contract, may institute an action to recover the same in his own name upon said bond, in the same manner and with like effect as though the said bond were made payable to him.

"Section 6833. Any officer and the members of any board who shall fail to take such a bond before entering into such a contract shall be personally liable for all such bills, claims and demands which shall not be paid within thirty days after the completion of the work."

In our opinion the respondents are warranted in assuming, as they do assume, that the liability of the defendant school directors is substantially the same as the liability of the sureties on a contractor's bond, where such a bond is given and filed as required, and in this opinion it will be so treated. The underlying purpose of statutes of this character is too plain to admit a controversy. They are designed to afford to laborers and materialmen a measure of security for their contribution to the public improvement named similar to the security of a mechanic's

lien for improvements of private property. At the same time they minimize any public embarrassment that might result from the construction and use of an improvement, for which the contractor may have been fully paid, while laborers, materialmen and subcontractors remain uncompensated. That the former consideration was perhaps the moving cause of the original enactment of this statute (Laws 1901, chap. 133), appears from the title of the act and from the emergency clause. Therein is expressed the fact that no protection exists for such persons and the purpose to secure them from loss. It will be noted that the bond required is conditioned only to be void if the contractor and subcontractors shall pay all bills and claims on account of labor or materials furnished and not upon the faithful completion of the contract. The bond is "to stand as security for all such bills, claims and demands until they are fully paid." While it runs to the state as obligee, an action is authorized by any person having a claim. Such persons are in fact the sole beneficiaries. See 15 Harvard L. Rev. 783; 1 Williston, Contr. § 372. A bond given in accordance with this statute, if signed by responsible sureties, would well serve as a substitute for a mechanic's lien, and it would seem to have been the intention of the legislature that it should so operate.

In the case of mechanics' liens, it is expressly provided (Comp. Laws 1913, § 6831), that the taking of collateral or other security for the indebtedness shall not impair the right to the lien unless by express agreement the security is received in lieu of the lien. Hence, the taking of even a secured note without an express agreement that it shall stand in lieu of the lien would not be a waiver of a mechanic's lien. This provision, however, applicable to mechanics' liens, is of no significance in this connection except, perhaps, as it may serve to clarify the expression in § 6832 that the bond furnished is to stand as security for certain claims and demands until the same are fully paid. As it is the absence of a mechanic's lien against public improvements that gives rise to the necessity for this statute, the scope of the obligation intended to serve the similar purpose may be in some degree reflected in the statutes governing the operation of such liens. See American Surety Co. v. Lawrenceville Cement Co. (C. C.) 110 Fed. 719. But however this may be, it is certain that the declaration that the bond shall stand as security until the claims are fully paid is an unmistakable expression of inten-

tion that bondsmen shall remain liable as long as labor and material claims are not satisfied, and it is equally certain that any definition of the liability of a bondsman that would render him discharged of liability while such claims remain unpaid would defeat a clearly expressed legislative purpose.

If we are correct in our deductions thus far, it is apparent that we are not so much concerned with whether or not the liability imposed is in tort (and we are not to be considered as so holding), or with whether or not the personal liability of the defendant directors is a liability as sureties (and we do not hold that it is not such a liability, see Crane & O. Co. v. Sykeston School Dist. 36 N. D. 254, 162 N. W. 413), for the determinative consideration is that the liability, in whatever form, must be so defined that no legislative purpose expressed in the act creating it shall be defeated. With this consideration in mind, though the defendant directors be liable as sureties, they must be held as though sureties upon an obligation that is to stand until the demands of the claimants are "fully paid." The taking of a note extending the time for payment of an account for labor or materials does not operate as a payment. Without expressing any opinion as to whether such a surety might be discharged to the extent of any prejudice suffered by an extension of time to which he did not actually assent, his position, owing to the character of the obligation assumed, is analogous to that of a surety who has stipulated in advance against a discharge by an extension of time, in which case it is elementary that he is not released. To hold that an extension of time releases the liability imposed by this statute, while the demands secured are unpaid, would involve a direct contradiction of the statute. The obligation cannot stand until the claims are fully paid and at the same time be considered a nullity on account of a transaction between the creditor and the principal debtor which neither discharges the principal debtor nor pays the claim.

We are clearly of the opinion that the obligation which the statute in question imposes upon sureties on contractors' bonds or, in the absence of such bonds, upon the officers failing to take them, is one that is not discharged by an extension of time given to the principal debtor, in circumstances where, as here, the extension is not shown to have been prejudicial to the sureties. In reaching this conclusion we do not hold that such persons are not sureties or guarantors and entitled to the

rights attaching to that relationship; but, as we view the matter, the liability of the defendants, though sureties, is so defined by the statute that they must be held to a broader liability than ordinarily attaches to a simple, definite suretyship contract. It is not the purpose of the statute, as we construe it, to make them sureties for the open account of the contractor, according to the exact terms of the original purchase, but to hold them responsible until the account is paid.

Our examination of the authorities has disclosed no case involving the construction of a statute expressing the liability in terms as strong as the statute in question, but nevertheless the weight of authority distinguishes between a suretyship on such an obligation as that involved here and a suretyship on a definite contract and inclines strongly towards the holding that sureties upon contracts of the former sort are not released by a mere extension of time, whereas they are in the latter case. United States Fidelity & G. Co. v. Golden Pressed & Fire Brick Co. (United States Fidelity & G. Co. v. United States), 191 U. S. 416, 48 L. ed. 242, 24 Sup. Ct. Rep. 142, Rose's Notes, p. 1482, and cases there cited; State ex rel. Hughes v. Adams, 187 Ind. 165, 118 N. E. 680; George H. Sampson Co. v. Com., 202 Mass. 326, 88 N. E. 911; C. A. Burton Machinery Co. v. National Surety Co. — Mo. App. —, 182 S. W. 801; United States use of Standard Furniture Co. v. Ætna Indemnity Co., 40 Wash. 87, 82 Pac. 171.

The foregoing conclusion renders it necessary to consider the contention of the respondent to the effect that chapter 133 of the Laws of 1901 is unconstitutional. It is argued that the act is unconstitutional because the subject is not single and expressed in the title as required by § 61 of the state Constitution. The title of the act reads: "An Act to Secure from Loss Persons Who Furnish Materials or Labor in the Alteration, Repair, Erection or Betterment of Public Buildings, or Any Other Public Improvements." It is said that that title does not embrace the subject of the personal liability of officers or members of boards who fail to take a bond which would stand as security for the persons referred to in the title. In our opinion, there is little merit in this contention. The title of the act indicates that the subject embraced is that of securing the given class of persons from loss. Turning from the title to the body of the act, it appears that this purpose is to be accomplished first by requiring a bond to be taken with sufficient sureties, but, in the

event this duty is not performed, the personal liability of the officers neglecting it becomes available for the same purpose. The title serves notice of a subject matter requiring the attention of public officers, thus apprising the legislators of a necessity for official intervention. Official intervention means the exercise of official duty and, where official duties are enjoined, it may be expected that the consequences of the failure to properly discharge them will be appropriately dealt with. In the instant case, the consequence attaching to the dereliction of duty is in line with the announced subject. It serves as a means of securing from loss persons furnishing labor or material for public improvements. The constitutional provision invoked is subject to reasonable and liberal construction with due regard to its object and purpose, which has been so frequently stated that it does not need repetition. 25 R. C. L. 837. It neither condemns a title on account of its generality, nor requires that it embrace a complete synopsis or index of the contents of the legislation. The constitutional mandate is satisfied if the subject of the legislation be fairly expressed, though in general terms, and if all provisions in the act are fairly germane to that subject and consistent with the avowed purpose. We are of the opinion that the act in question fairly meets these requirements. Montclair v. Ramsdell, 107 U. S. 147, 27 L. ed. 431, 2 Sup. Ct. Rep. 391; 25 R. C. L. 834-848, 858.

For the reasons stated, the judgment appealed from will be reversed and the cause remanded with directions to enter a judgment for the plaintiff.

CHRISTIANSON, Ch. J., NUESSLE, and BURKE, and JOHNSON, JJ., concur.