[File No. 6318.]

STATE OF NORTH DAKOTA EX REL. J. J. WEEKS, Appellant, v. OLE H. OLSON, Acting Governor of the State of North Dakota, Respondent.

(259 N. W. 83.)

408

Opinion filed February 6, 1935. Application for modification denied March 13, 1935.

*P. O. Salhre,* Attorney General, and *C. O. Verret,* Assistant Attorney General, for appellant.

*C. Lieberl Crum,* for respondent.

MORRIS, J.  On the 9th day of August, 1934, Mr. J. J. Weeks was the duly appointed, qualified, and acting tax commissioner of the State of North Dakota.  On said 9th day of August, the acting governor Ole H. Olson notified Mr. Weeks of his removal from office by causing to be delivered to him the following communication.

"August 9, 1934.

"Mr. J. J. Weeks,
"Office of Tax Commissioner,
"Bismarck, North Dakota.
"Dear Sir:

"You are hereby notified that pursuant to the authority vested in me by Section 2092A1 of the 1925 Supplement to the 1913 Compiled Laws of North Dakota that you are removed from the office of Tax Commissioner effective immediately, and I hereby declare that a va-cancy exists in such office.

"Kindly govern yourself accordingly.

"Yours very truly,

OHO:C-s                    (Signed)    "Ole H. Olson,
                                       "Acting Governor."

On the same day that the above communication was delivered to Mr. Weeks, the acting governor appointed Mr. Lyman Baker as his successor.  It is conceded that Mr. Baker did all things that were necessary for him to do in order to assume the duties and office of state tax commissioner, if his appointment was lawful.

No charges were filed against Mr. Weeks nor was any hearing had in connection with his removal from office.

Mr. Baker commenced mandamus proceedings to compel Mr. Weeks to surrender the office of tax commissioner. Mr. Weeks commenced certiorari proceedings against the acting governor questioning the validity of the removal proceedings. It was later agreed that the certiorari and mandamus proceedings might be argued and submitted to the Court together, and it is conceded by both parties that the determination of the questions raised in the certiorari proceedings shall be determinative of the mandamus action. The plaintiff appeals from an order of the district court denying the application for a writ of certiorari.

The appellant's first contention is that if § 1 of chapter 213, North Dakota Session Laws, 1919 Supplement to the 1913 Comp. Laws (§ 2092A1) is construed to give the governor authority to remove the tax commissioner without cause, that this section is violative of § 61 of the Constitution of the state of North Dakota, for the reason that the provision for removal in such manner is not expressed in the title of the act and is not germane to the subject matter thereof.

Section 61 of the Constitution provides: "No bill shall embrace more than one subject, which shall be expressed in its title, but a bill which violates this provision shall be invalidated thereby only as to so much thereof as shall not be so expressed."

The title to chapter 213, North Dakota Session Laws, 1919, reads, as follows: "An Act Providing for the Appointment of a Tax Commissioner; Prescribing His Qualifications, Powers and Duties; Fixing His Salary and Term of Office; and Repealing Article 4, Chapter 34, Compiled Laws of North Dakota, 1913, as Amended by Chapter 232, Laws of North Dakota, 1917, and all Other Acts and Parts of Acts in Conflict Herewith."

We find that section 1 of this act provides for the appointment and removal of the state tax commissioner in the following language: "On or before the last Monday in February, the Governor by and with the advice and consent of the Senate, shall appoint a Tax Commissioner, who shall serve for a term of six years from the date of his qualification, or until his successor is appointed and qualified. The Governor may remove the Tax Commissioner at any time and appoint his

successor, or may fill by appointment any vacancy in such office, and the person appointed to fill such vacancy shall serve for the unexpired term, unless earlier removed or unless at any regular session of the Senate, it shall fail to approve such appointment."

Both parties to this controversy concede that if the provisions of the act in question are germane to the expression of the title, the act is valid. This principle of law is well settled in North Dakota and in many other states having constitutional provisions similar to ours. Stated differently, this rule means that legislation may include any matter naturally and reasonably connected with the subject of the act as expressed in the title. State ex rel. Gammons v. Shafer, 63 N. D. 128, 246 N. W. 874; Thompson Yards v. Kingsley, 54 N. D. 49, 208 N. W. 949.

It is also the law of this state that the title to an act will be construed liberally and not in a strict and technical manner. State ex rel. Poole v. Peake, 18 N. D. 101, 120 N. W. 47.

It will be noted that among other things, the title of the act mentions the appointment of the tax commissioner and his term of office. The appointment suggests the term or the tenure of office. The mention of the term of office naturally suggests that some manner may be provided for ending the tenure. While the words "tenure" and "term" are not strictly synonymous, they are frequently so used by legislative bodies. An examination of section 1 of the act in question, discloses that the result of the language therein used is to provide a term of office of six years, during which the appointee will serve at the pleasure of the governor. The provision "The governor may remove the tax commissioner at any time and appoint his successor" is, in effect, authority for the governor to terminate the tenure of office at any time within six years thereby giving the governor authority, by such act, to end the term of an incumbent at his pleasure. The logical conclusion, therefore, is, that the language above quoted is germane to that part of the title dealing with the appointment and the fixing of the term of office of the tax commissioner, and that such language is in no way conflicting with § 61 of the Constitution.

"As the very essence of the right and privilege conferred by an appointment to public office consists in its duration, or, in other words, its term or tenure, it follows that the subject of term of office is fairly

included in a broad signification of the word 'appointment.' A person reading a title in which the words, 'appointment to public office,' are used, will be apprised of and will naturally look for provisions of the act defining and regulating the term of office." State ex rel. Poole v. Peake, 18 N. D. 101, 120 N. W. 47.

The appellant's second contention is that the power of removal granted to the governor may be exercised only for cause and after the person sought to be removed has been given a hearing before the governor. The wording of the act in question disposes of this contention, and in clear and unambiguous terms states, "The governor may remove the tax commissioner at any time and appoint his successor."

"At any time" means immediately or at once. If the tax commissioner can be removed only for cause, then the governor cannot remove him "at any time." If the tax commissioner can be removed only after a hearing, the governor cannot remove him "at any time." Since the legislature has seen fit to use the language above quoted, there can be no question of the right of the governor to terminate the tenure of office of the incumbent without assigning causes for the removal, and without a hearing. The action of the acting governor in this case was wholly in accord with the authority vested in the governor by the statute in question.

It is further asserted that the acting governor may remove the tax commissioner only in cases where the exertion of such power of removal is necessary for the proper administration of the state government. At the time the acting governor asserted the power of removal, "the powers and duties of the office" of governor of the state of North Dakota had devolved upon the acting governor pursuant to § 72 of the Constitution. State ex rel. Olson v. Langer, ante, 68, 256 N. W. 377. If the appellant's contention be correct, only part of the powers and part of the duties of the governor devolved upon the lieutenant governor under § 72. Neither the Constitution nor statutes limits the powers or duties which devolve upon the acting governor, in case of the death, impeachment, resignation, failure to qualify, absence from the state, removal from office, or the disability of the governor. The

414

powers vested in the acting governor include the power to remove the appellant under § 1 of chapter 213, N. D. Session Laws, 1919.

Affirmed.

Burke, Ch. J., and Nuessle, Burr and Christianson, JJ., concur.