### JACKSON v. COOK.

No. 13112.

Court of Civil Appeals of Texas. Fort Worth.

March 1, 1935.

Rehearing Denied April 12, 1935.

Renfro & McCombs and Wm. Andress, Jr., all of Dallas, for appellant.

E. M. Remington, Fred T. Arnold, and Marshall & King, all of Graham, for appellee.

LATTIMORE, Justice.

This case below was decided by sustaining a general demurrer. The point involved is whether the plaintiff was required to appeal through the divisions of the department of education before seeking relief in the district court.

Appellant alleged that he held warrants drawn by twelve named common school districts, respectively, of Young county, and each signed by a majority of the trustees of the drawer school district; that same are valid warrants in payment of valid and subsisting obligations of such school districts, being for school supplies named by the state superintendent of education as a prerequisite to receiving state aid for such district; that the appellee is county superintendent of schools for Young county, and that his counter signature is necessary to validate the warrants, and that he refuses

to so countersign without assigning any reason therefor; and he prays the court to require appellee to so do.

The petition did not allege any appeal from the refusal of the county superintendent. In all matters requiring the findings of disputed fact or the exercise of discretionary judgment in school management within the bounds of law, the policy of our state, as set out in the statutes, article 2686, R. S., as amended by Acts 1927, c. 83, § 1 (Vernon's Ann. Civ. St. art. 2686), and the decisions construing same, Huntington Ind. School Dist. v. Scroggins (Tex. Civ. App.) 9 S.W.(2d) 171; Miller v. Smiley (Tex. Civ. App.) 65 S.W.(2d) 417, is to require the remedies by appeal within the department of education to be exhausted before applying to the courts for relief. If the dispute is one wholly of law, then, according to reputable authority, the appeal may be directly to the courts. Cruse v. McQueen (Tex. Civ. App.) 25 S. W. 711. The distinction is substantial. In all matters of policy and discretion of management, the people have selected representatives who are directly in touch with the facts and the training peculiarly necessary to the best interests of the schools, but likewise they have intrusted the administration of the law to the courts who have made that branch of public affairs, the interpretation of the law, a specialty.

The board of school trustees of each district has the management and control of the schools of the district and has the duty to pass upon all claims against the school funds of the district, but are prohibited from creating a deficiency. Article 2749, R. S. The county superintendent of schools has the immediate supervision of all matters pertaining to public education in his county. Article 2690, R. S. It is provided in article 2693, R. S., that he "shall approve all vouchers legally drawn against the school fund of his county." This is the same language used in giving the local school district authority to pass on claims. Article 2749, R. S.

The composition of these statutes is that it is the duty of the county superintendent to see that the warrant is in proper form, is drawn in payment of a claim which the trustees had the power to incur, and did incur, and that the issuance of the warrant at the time same was issued was not prohibited by law, etc. If the county superintendent's refusal to sign is based on some disputed fact issue properly within his jurisdiction, then the remedy by appeal within the departments must first be exhausted. If his refusal to sign is based on some construction of the law based on undisputed facts, then this suit may be maintained.

In the interest of an early termination of this litigation, we may say that we observe by the answer of appellee to the merits that he claims the school trustees were fraudulently induced to purchase the supplies, although consideration of this portion of the answer was pretermitted by the action on demurrer.

Unless some proper person had appealed from the order of the local board authorizing payment, we believe appellee, as county superintendent, could not voluntarily refuse on that ground to approve the voucher. Such contracts are confined to the discretion of the local trustees, and a review of the exercise of that discretion for abuse thereof can only reach the county superintendent by appeal.

The judgment of the trial court is reversed, and the cause is remanded.