Harold KESSLER, Petitioner and Respondent,

v.

The BOARD OF EDUCATION OF the CITY OF FESSENDEN of the State of North Dakota, a body corporate; and Kermit Hudel, Howard McGinnis, Erving Clark, August Breider and Alvin Maxwell, as members of said Board of Education, Respondents and Appellants.

No. 7730.

Supreme Court of North Dakota.

Jan. 30, 1958.

744

Duffy & Haugland, Devils Lake, for appellants.

James H. Williams, New Rockford, for respondent.

JOHNSON, Judge.

This is an application for a writ of mandamus brought by Harold Kessler, the father of Linda Kessler, a minor child, thirteen years old, requesting that the Board of Education of the city of Fessenden be required to admit her as an eighth grade pupil to its school. The action is predicated on the provisions of Section 15-2908, NDRC 1943 as amended by Chapter 134 of the 1957 Session Laws.

On September 9, 1957, the petitioner, Harold Kessler, respondent in this appeal, applied for a writ of mandamus, demanding that the board of education of the city of Fessenden admit his daughter, Linda Kess-

ler, to the Fessenden Public School. On said date the district court of Wells County issued an alternative writ of mandamus commanding the board of education to admit said child or show cause before the court at a date and hour specified.

So far as material to the issues involved in the case at bar, the petitioner sets out that on the 14th day of May 1957 the board of education of the city of Fessenden, passed a resolution that:

"No pupils shall be accepted in the future from Districts in which petitions for annexation were circulated and rejected."

On August 23, 1957, the board amended and enlarged this resolution by adding:

"Effective as of this date no pupil will be admitted to Fessenden School District by petition for annexation until such annexation petition shall have passed successively all stages prescribed by law and until the Board of County Commissioners has finally ordered annexation of said territory to Fessenden Special School District."

He also states that on the 3rd day of September 1957, the petitioner's daughter, Linda Kessler, registered for school at the Fessenden Public School, but when she came to attend classes on the morning of September 4, 1957, she was denied admission and returned to her home by the superintendent of the Fessenden School; that the only reason given for refusing admission to Linda Kessler was the fact that the petitioner resides in a district where a petition for annexation was circulated and rejected and that his daughter, Linda, falls within the class of persons who will not be admitted to school by reason of the resolution set forth. The petition also recites that the resolution passed by the respondent board is illegal, arbitrary, oppressive and discriminatory and deprives the petitioner's child, as well as other residents of the community, of rights and privileges granted under the constitution and the laws of the state, and that he has no plain, speedy and adequate remedy in the ordinary course of law.

The answer and return to the petition alleges many argumentative reasons justifying the adoption of the resolution, generally denies the allegations of the petition and asserts that the petitioner has an adequate remedy of appeal under the provisions of Sections 15–2107, 15–2217 and 28–3215, NDRC 1943; that the court was without jurisdiction to determine this controversy since the petitioner had not exhausted his administrative remedies, and that a writ of mandamus should not issue to control the discretion of the members of the board of education of the Fessenden Special School District, and further suggests that the acts amendatory of or enlarging the provisions of Section 15–2908, NDRC 1943 *may be* unconstitutional in that their titles are not broad enough to repeal or modify the discretionary power conferred upon the board by subsection 14 of Section 15–2908 NDRC 1943.

This proceeding was tried to the court. The trial court determined that Linda Kessler was entitled to immediate admission to the Fessenden Public School on payment of the usual tuition imposed upon pupils from other districts and ordered the board of education of the city of Fessenden to admit her, and at the same time enjoined and restrained the board from in any manner interfering with the rights of Linda Kessler to attend the Fessenden Public School upon payment of the required tuition. Judgment was entered and the respondents have appealed therefrom to this court.

This appeal is based upon the following alleged errors:

1. That the court erred in disregarding the question of its jurisdiction and of the petitioner's right to bring this action.

2. That it erred in the construction of Section 3, Chapter 143 of the 1949 Session Laws as amended by Chapter 134 of the 1957 Session Laws.

3. That the court erred in finding "that petitioner has no plain, speedy and adequate remedy in the ordinary course of law."

4. That the court erred in concluding as a matter of law that the petitioner was entitled to a writ of mandamus and granting judgment therefor.

Then the appellants set forth the alleged insufficiency of the evidence to sustain the order for judgment and the judgment. The specifications in that regard are mostly of an argumentative nature. It is asserted that the evidence conclusively shows that the school board refused admission of Linda Kessler under its discretionary powers granted by Section 15–2908, subsection 14, NDRC 1943 and Section 15–29082, NDRC 1953 Supp., as amended, and that it has performed all of the duties imposed upon it by law. It is further contended that the evidence conclusively shows that the petitioner is not a resident of the Fessenden Special School District; that he has an adequate school operating in his district, not more than a mile and three-quarters away, and that the school board from the petitioner's district has refused to pay tuition, and that the petitioner is not a party in interest and has no legal standing as far as Fessenden Special School District is concerned; that the evidence conclusively shows that the resolution passed by the board was based on the theory that it would promote the school itself in giving it more taxable area, give a more complete census of pupils to allow adequate planning and to relieve the tax burden on the people of the Fessenden School District so that they would not be forced to provide a school for nonresidents of their school district; that the admission of a pupil from a district not seeking annexation to the Fessenden Special School District was a hardship case and such pupil was admitted for that reason; that admission was refused to Linda Kessler not only because of the resolution, but because of the school in her district and her convenience to it, and the possibility of being required to take additional pupils

from other districts, which would cause confusion and disruption in the planning for the school year in the Fessenden School District.

The alleged errors, as specified, reduce themselves to the following issues:

1. Did the trial court have jurisdiction?

2. May the petitioner, a resident of Germantown School District, by writ of mandamus, bring an action against the school board of the Fessenden Special School District to force them to admit his child as an elementary pupil?

3. Was the trial court's construction of the statute in question erroneous?

For a better understanding of the issues, we will set forth the undisputed facts.

The petitioner and his family are residents of Germantown Township, Wells County, North Dakota. This township abuts upon the east side of Oshkosh Township, the township in which the city of Fessenden lies. The petitioner and his family live on a farm about ten miles east of Fessenden. They reside within one and three-quarters miles of a country school, maintained in Germantown School District. It is open for a full nine months and is uncrowded, having less than 10 pupils in attendance, and is a first class common school. The petitioner has two children of school age, Linda, 13 years old, on whose behalf this proceeding was instituted, and an older son who is attending high school in the city of Fessenden. The petitioner furnishes his family car for his son to use in attending school and desired his daughter to go with him to Fessenden. A petition for annexation had been rejected by the people of Germantown School District approximately 13 months before this action was commenced. One pupil had been admitted from another district as a hardship case.

The only reason for refusal of the appellant board to admit Linda as a pupil in

the 8th grade of the Fessenden School is based upon the resolution and the amendment thereof heretofore set forth. No claim was advanced, nor is it claimed that the admission of Linda Kessler as an 8th grade pupil in the Fessenden School would injure or overcrowd that school.

Under our law the parent entitled to the custody of a child must give such child support and education suitable to his circumstances. Section 14-0908, NDRC 1943. Every parent of a child of an age of 7 years to 14, both inclusive, shall send or take the child to a public school each year during the entire time the public schools of the district are in session. If a child shall not have completed the 8th grade, he shall attend school, if necessary to complete the 8th grade, until he becomes 17 years of age. Section 15-3401, NDRC 1943. Every action shall be prosecuted in the name of the real party in interest. Rule 17(a), N.D.R. Civ.P. Harold Kessler, the father of Linda Kessler, responsible for her support and education, is such a real party in interest in· this proceeding as to entitle him to maintain the same.

The contention that the court was without jurisdiction is apparently based upon the proposition that the petitioner has no standing before the court because of his failure to exhaust alleged administrative remedies.

That the court had jurisdiction of the parties and the subject matter cannot be questioned. The parties were before the court by legal process. It had jurisdiction to hear and determine mandamus proceedings. The district courts of this state have original jurisdiction, except as otherwise provided in the North Dakota Constitution, of all causes both at law and equity, and such appellate jurisdiction as may be conferred by law. They also have jurisdiction and power to issue remedial writs with authority to hear and determine the same. Section 103, North Dakota Constitution. Lack of jurisdiction in its most fundamental or strict sense means an entire lack of power to hear or determine the

case, and the absence of authority over the subject matter or the parties. See, generally, 14 Am.Jur., Section 160, page 363. The argument here propounded indicates that the appellants contend that before the court could take jurisdiction it was incumbent upon the petitioner to exhaust his alleged administrative remedies; that such procedure is a prerequisite to the exercise of the court's jurisdiction to hear and determine this matter. The appellant's theory is that Sections 15-2107, 15-2217 and 28-3215, NDRC 1943, provide administrative remedies which the petitioner was required to exhaust before resorting to a judicial determination.

Section 15-2107, NDRC 1943 makes it the duty of the superintendent of public instruction to counsel and advise with the county superintendent of schools and boards of education in special or independent school districts on all matters involving the welfare of schools, and on request, to give written answer to all questions concerning school laws. He is required to decide all appeals from decisions of the county superintendent of schools. Section 15-2217, ND RC 1943 states:

"To Decide School Controversies; Appeal From Decisions of County Superintendent. The county superintendent of schools shall decide all matters *in controversy arising in his county in the administration of the school laws* or appealed to him from decisions of school officers or boards. An appeal may be taken from his decision to the superintendent of public instruction. In such case, a full written statement of the facts, together with the testimony and the decision of the county superintendent in the case, shall be certified to the superintendent of public instruction for his decision, and such decision shall be final, subject to appropriate remedies in the courts." (Emphasis supplied).

Whatever may be the scope of the application of Sections 15-2107 and 15-2217,

NDRC 1943, it is clear that they do not apply to the controversy involved in the case at bar. It is a legal controversy, the solution of which is dependent upon the construction of a statute relating to the powers and duties of the board of education of a special school district. It involves adjudication of rights usually and customarily decided in the courts. It is purely a legal question.

The right of appeal to the courts from the decision of a board of education, or the like, of school districts and other local school organizations depends upon statutory provisions. In some jurisdictions it has been held that:

"* * * except where the board acted without or in excess of its authority * * * or where the dispute is wholly one of law, * * * it is a condition precedent to the maintenance of judicial proceedings to pass on a ruling or decision of such a board that the remedy of appeal to the designated officer or board, provided by statute, * * * first be exhausted, * * *." 78 C.J.S. Schools and School Districts § 128, p. 920.

Here the dispute is whether or not the resolution passed by the Fessenden Special School District was in excess of the authority of the statute. It is wholly one of law. See Jackson v. Cook, Tex.Civ.App., 82 S.W.2d 154. Its determination is dependent upon the construction of Section 15–2908, NDRC 1943, as amended, setting forth the powers and duties of the board of education of a special school district. In such a case it is not a condition precedent to the maintenance of judicial proceedings that the petitioner must resort to and exhaust alleged administrative remedies.

For a somewhat similar situation see Kinzer v. Directors of Independent School Dist., 129 Iowa 441, 105 N.W. 686, 3 L.R.A., N.S., 496. That case was an action for mandamus to compel the defendants, directors of an independent school district,

to admit the plaintiff to the privileges of the high school of said district from which he had been expelled for violating rules and regulations made by the board, authorized by statute. It was held that under the authority of the statutes that a violation of the regulations was a question which was reviewable by the courts and as to which the aggrieved party was not limited to an appeal to the county superintendent.

■ Section 28–3215, NDRC 1943 has no application in this proceeding. It provides for appeal from determination of an administrative agency and the time within which to appeal and how the appeal is to be taken. Under Section 28–3201, NDRC 1943, an "administrative agency * * * shall include any officer, board, commission, bureau, department, or tribunal other than a court, having state-wide jurisdiction. * * *." The county superintendent is not within this definition. He is a local officer whose authority extends only to the duties prescribed by statute within the boundaries of the county for which he was elected. He has only local jurisdiction.

We will now proceed to the issue as to whether the Fessenden Special School District had any discretion in determining whether Linda Kessler should be admitted to the 8th grade in its school, it appearing that she may be admitted without "injuring or overcrowding the school."

Section 15–2908, NRDC 1943 sets forth the general powers and duties of the board of education of the special school district. Subsection 14 thereof provides:

"To admit children of persons not living in the special district, if in its judgment the best interests of the school will permit, and to fix and collect the tuition therefor;"

If this subsection has not been repealed by subsequent amendments of the statute, there can be no question that the board has discretion to admit or refuse privileges of school attendance to a nonresident pupil.

■ Prior to the enactment of Chapter 143, Session Laws N.D.1949, the admission of a pupil from another district to the school of a special school district was a matter of discretion of the board of education of the admitting district. Section 15–2908, Subsection 14, NDRC 1943. Section 3 of Chapter 143, S.L.N.D.1949 provided that:

"The board of education of any special school district shall admit to the schools of the district pupils other than high school pupils from other districts when it can be done without injuring or overcrowding the schools, and shall make regulations for the admission of such pupils."

This provision removed the power of discretion from the board of education and made admission mandatory when it could be accomplished without injuring or overcrowding the school. However, this same subsection, after so providing with respect to admission, dealt with the further subject of the liability of the home district of the pupil for tuition after allowing a credit for taxes as follows:

"When a pupil is admitted from another district, credit on his tuition shall be given by the district admitting him to the extent of school taxes paid in the admitting district by the parent or guardian of the admitted pupil. If the attendance of a pupil from another district is necessitated by shorter distance or other reasons of convenience and is approved by the county superintendent of schools, the balance of the tuition, after credit for taxes paid, shall be paid by the district from which the pupil is admitted, but the whole amount of the tuition shall not exceed the actual costs."

Thus it is clear that the subsection deals with two separate matters. The first sentence deals exclusively with the obligation of the receiving district to admit the pupil. The remainder of the section deals with the liability of the home district for tuition

when the attendance of the pupil outside of his home district involves reasons of convenience.

The subsection under consideration was amended by Chapter 133, S.L.N.D.1953. This amendment made no change in the first sentence providing for admission by the receiving district. The only change was the one pertaining to tuition by providing that the whole amount should not exceed the average cost of elementary education per child in the county.

The subsection under consideration was further amended by Chapter 136, § 2, S.L. N.D.1955. Again the first sentence remained unchanged but the following portion of the subsection was amended to provide:

"When a pupil is admitted from another district, credit on his tuition shall be given by the district admitting him to the extent of school taxes paid in the admitting district by the parent or guardian of the admitted pupil. If the attendance of a pupil from another district is necessitated by shorter distance or other reasons of convenience, (and is approved) *approval or disapproval shall be given* by the county superintendent of schools *within fifteen days after consulting the boards of education of both districts concerned,* and the balance of the tuition, after credit for taxes paid, shall be paid by the district from which the pupil is admitted, but the whole amount of tuition shall not exceed the average cost of elementary education per child in the county. Such costs shall include expenditures from the general and sinking and interest funds."

(We have italicized the new matter inserted by the 1955 amendment and shown omitted language in parentheses.)

The question now is whether the legislature by amending as it did the last portion of the section which had since its inception in 1949 dealt only with the liability of the home district for tuition in-

tended also to modify the mandatory language of the first sentence so that before a pupil from another district whose attendance "is necessitated by shorter distance or other reasons of convenience" had no right to demand admission to a school outside of his own district until his attendance was approved by the county superintendent of schools even though his tuition was paid from private sources.

The approval or disapproval by the three member committee is a substitute for the same approval or disapproval that was to be procured from the county superintendent of schools under Chapter 136, § 2, of the 1955 Session Laws. We believe that the legislative intent as evidenced by the language and changes in the statute indicates that the receiving district must always admit a grade pupil if it can be done without injuring or overcrowding the school, but when the admission is for "reasons of shorter distance or other convenience", as the statute existed in 1949, 1953 and 1955 it was necessary to procure the approval of the county superintendent before the district from which the pupil came became obligated to pay the tuition for such pupil. The word "approved" as used in the 1949 and 1953 statute necessarily implied the right of the county superintendent to disapprove. The addition of the words "or disapproval" of the county superintendent in the 1955 statute and again in the 1957 statute relating to the three member committee, we believe, therefore, has no special significance. As to the other changes in the 1955 and 1957 statutes, the most apparent reason therefor was to give the board some voice in the matter of tuition and to compel action within fifteen days.

The only material change in the 1955 statute, as evidenced by Chapter 134 of the 1957 Session Laws, was to set up a three member committee of which the county superintendent was one, and upon their approval the district from which the pupil came was obligated to pay the tuition. The change in the statute with reference to

the procurement of the approval or disapproval of the three member committee, we believe, relates only to the payment of tuition. It certainly does not seem reasonable that the legislature would use mandatory language in the first sentence of the statute with reference to the admission of a grade pupil and then in the same statute and the same paragraph make such admission subject to approval or disapproval of a committee, thus in effect nullifying the mandatory language of the first sentence, and in effect taking away the discretion of the board to determine whether the admission of a pupil would injure or overcrowd its school. If the effect of the language in the statute relating to approval or disapproval has application to the first sentence thereof, the legislature has imposed a mandatory duty upon the Board of Education subject to its determination whether the admission of the pupil will injure or overcrowd the school, and then in the same statute made this duty subject to an approval or disapproval of a committee over which the Board has no control. We hesitate to attribute the legislature with such senseless procedure. Rather it seems more reasonable to suppose that the approval or disapproval of the three member committee, since it relates to admission for shorter distance or other reasons of convenience, has reference only to the payment of tuition. Thus if approval is not obtained, then the district from which the pupil comes is not obligated to pay tuition to the district receiving the pupil.

Under Chapter 134, 1957 Session Laws, the receiving district, as it was under the 1949 and 1953 statutes, is still under the duty to admit the child if it can be done without injuring or overcrowding the school, but the party responsible for the education of the pupil would have to procure the approval of the committee before the school district of his residence is obligated to pay the tuition. If he cannot procure such approval, he becomes personally obligated to pay the tuition.

It is to be noted that in the sentence dealing with the approval of the committee, reference is made to the payment of the balance of the tuition and its meaning does not seem to have any bearing upon the prior provisions of the same section. The intention of the legislature is to be ascertained primarily from the language of the statute. 82 C.J.S. Statutes § 321 b, p. 571; Hoellinger v. Molzohn, 77 N.D. 108, 41 N.W.2d 217, 219, 19 A.L.R.2d 1147

Under Section 15-2908 subd. 14, NDRC 1943, the board of education had discretion as to the admission or refusal of pupils from other districts. If Chapter 134 of the 1957 Session Laws, the latest enactment with reference to the admission of pupils from other districts, constitutes an amendment of the original section, which we believe, the discretion of the board of education has been limited to the determination of whether such admission will injure or overcrowd a school. In this case it is conceded that the admission of Linda Kessler will not injure or overcrowd the Fessenden School. It, therefore, appears that with reference to her admission, the board of education of the Fessenden Special School District had no discretion. The petitioner in these proceedings offered to pay the tuition for the attendance of Linda Kessler at the Fessenden School.

While repeals by implication are not favored, a later statute repeals an earlier one, if inconsistent therewith. State ex rel. Lofthus v. Langer, 46 N.D. 462, 177 N.W. 408. An intention to repeal an earlier law by implication will not be presumed, nor the effect of repeal admitted, unless the inconsistency is unavoidable. State v. Coman, 68 N.D. 310, 279 N.W. 256. It is clear that Chapter 134 of the 1957 Session Laws is an amendment or an addition to the original statute, Section 15-2908 NDRC 1943. Subsection 14 thereof gave the board of education unlimited discretion with reference to the admission or rejection of pupils from outside districts. Chapter 134 of the 1957 Session Laws limited that discretion to one situation. Where that limited discretion is not an issue, it becomes the mandatory duty of the board of education to admit an outside pupil. Subsection 14 of Section 15-2908 NDRC 1943 and Chapter 134 of the 1957 Session Laws are inconsistent one with the other as to the discretion given to a board of education for the admission of nonresident pupils. Since Chapter 134 of the 1957 Session Laws is the latest law on the subject, it prevails.

"The writ of mandamus may be issued by the supreme and district courts * * * to compel the performance of an act which the law specially enjoins as a duty resulting from an office * * *." Section 32-3401, NDRC 1943.

Chapter 134 of the 1957 Session Laws here enjoins upon the board of education of the special school district to receive and admit a pupil to the grades of the school where it can be done "without injuring or overcrowding" the school. The prerequisites necessary to warrant a court in granting a writ of mandamus are, first, that it appears that the petitioner has a clear right to the performance of the particular duty; second, that the law affords no plain, speedy, and adequate remedy. Bismarck Tribune Co. v. Wolf, 64 N.D. 656, 255 N.W. 569; Strauss v. Costello, 29 N.D. 215, 150 N.W. 874. In the case at bar the petitioner has shown that he has a clear right to the performance of a particular duty, that of the admission of his daughter, Linda Kessler, to the Fessenden Public School, and further that he has no plain, speedy and adequate remedy in the ordinary course of law.

Very little argument is advanced by the appellants as to the unconstitutionality of the acts amending Section 15-2908, NDRC 1943. In their brief the appellants state:

"Each of said acts may be unconstitutional in that none of the titles is broad enough to cover a repeal or modification of the powers conferred on the board of education by subsec-

tion 14 hereinbefore quoted; and certainly they would be unconstitutional if interpreted as depriving the boards of education of discretionary power in any case other than the special instance mentioned in the last two acts."

Treating this as raising the constitutionality of the amending acts, we will examine their titles to see if they are sufficient under the provisions of Section 61 of the North Dakota Constitution. The title to Chapter 143 of the 1949 Session Laws states:

"Relating to attendance of pupils in certain schools and amending and reenacting subsections 1 and 2 of section 15–2908 of the North Dakota Revised Code of 1943."

■ The subject matter of Chapter 143, 1949 Session Laws deals with school attendance of nonresident grade pupils. The general rule deducible from the decisions is that if all the provisions of an act are germane to the subject expressed in the title then the act is valid as against any claim of violation of Section 61 of the North Dakota Constitution. This rule was discussed in State ex rel. Wecks v. Olson, 65 N.D. 407, 259 N.W. 83, 85, in which this court stated:

"This principle of law is well settled in North Dakota and in many other states having constitutional provisions similar to ours. Stated differently, this rule means that legislation may include any matter naturally and reasonably connected with the subject of the act as expressed in the title. State v. Shafer, 63 N.D. 128, 246 N.W. 874; Thompson Yards, Inc. v. Kingsley, 54 N.D. 49, 208 N.W. 949.

"It is also the law of this state that the title to an act will be construed liberally and not in a strict and technical manner. State v. Peake, 18 N.D. 101, 120 N.W. 47."

See also Great Northern Ry. Co. v. Duncan, 42 N.D. 346, 176 N.W. 992; State

v. Colohan, 69 N.D. 316, 286 N.W. 888; 50 Am.Jur., Statutes, Sections 196, 197, pages 177–180; Lapland v. Stearns, 79 N. D. 62, 54 N.W.2d 748, 752.

The title to Chapter 133, 1953 Session Laws, states:

"To amend and reenact section * * * 15–29082 of the 1949 Supplement to the North Dakota Revised Code of 1943, relating to admission of pupils from other districts; tuition."

■ Chapter 143, § 3, 1949 Session Laws was designated as Section 15–29082 of the 1949 and 1953 Supplements. The titles to the 1955 and 1957 acts both refer to amending and reenacting Section 15–29082, ND RC 1953 Supp., the 1957 act referring to it as amended by the 1955 Session Laws. The subject matter of Chapter 143, § 3, 1949 Session Laws, deals with attendance of grade pupils in schools outside of their own district. The method and manner of payment of tuition and the obligation to pay it are certainly germane to the attendance of grade pupils in schools outside of their own districts. They are matters naturally and reasonably connected with attendance of pupils in schools outside their districts. The titles to the 1949, 1953, 1955 and 1957 acts are sufficient under the provisions of Section 61 of the North Dakota Constitution. These acts are not unconstitutional on the ground that they violate the provisions of that section.

The judgment of the trial court is affirmed.

GRIMSON, C. J., and SATHRE and MORRIS, JJ., concur.

BURKE, Judge (dissenting).

My difference with the majority opinion lies solely in the construction that I believe should be given to Section 2, Chap. 136, Laws of N.D.1955. This section was an amendment of Sec. 1, Chap. 133, Laws of N.D.1953, which in turn was an amendment

of Sec. 3, Chap. 143, Laws of N.D.1949. The latter section reads as follows:

"The board of education of any special school district shall admit to the schools of the district pupils other than high school pupils from other districts when it can be done without injuring or overcrowding the schools, and shall make regulations for the admission of such pupils. When a pupil is admitted from another district, credit on his tuition shall be given by the district admitting him to the extent of school taxes paid in the admitting district by the parent or guardian of the admitted pupil. If the attendance of a pupil from another district is necessitated by shorter distance or other reasons of convenience and is approved by the county superintendent of schools, the balance of the tuition, after credit for taxes paid, shall be paid by the district from which the pupil is admitted, but the whole amount of the tuition shall not exceed the actual costs."

The change made in this statute by the 1953 amendment has no bearing on this case and there is therefore no need to set it forth herein. The 1955 amendment (Sec. 2, Chap. 136) is as follows:

"Section 15–29082 of the 1953 Supplement to the North Dakota Revised Code of 1943 is hereby amended and reenacted to read as follows:

"15–29082 Admission Of Pupils From Other Districts: Tuition.) The board of education of any special school district shall admit to the schools of the district pupils other than high school pupils from other districts when it can be done without injuring or overcrowding the schools, and shall make regulations for the admission of such pupils. When a pupil is admitted from another district, credit on his tuition shall be given by the district admitting him to the extent of school taxes paid

in the admitting district by the parent or guardian of the admitted pupil. If the attendance of a pupil from another district is necessitated by shorter distance or other reasons of convenience, approval or disapproval shall be given by the county superintendent of schools within fifteen days after consulting the boards of education of both districts concerned, and the balance of the tuition, after credit for taxes paid, shall be paid by the district from which the pupil is admitted, but the whole amount of tuition shall not exceed the average cost of elementary education per child in the county. Such costs shall include expenditures from the general and sinking and interest funds."

The change in the statute which I consider significant and material to the issues in this case occurs in its last sentence. This sentence as contained in the original statute read:

"If the attendance of a pupil from another district is necessitated by shorter distance or other reasons of convenience *and is approved by the county superintendent of schools,* the balance of the tuition, after credit of taxes paid, shall be paid by the district from which the pupil is admitted * *."

This language is precise. It clearly means that the approval of the superintendent of schools is essential only for the purpose of fixing liability for tuition and that the requirement of approval is not a limitation of the mandatory duty of special school districts to receive nonresident pupils as set forth in the first sentence of the statute. In 1955, however, this sentence was amended to read as follows:

"If the attendance of a pupil from another district is necessitated by shorter distance or other reasons of convenience, *approval or disapproval shall be given by the county superintendent of schools within fifteen days after consulting the boards of educa-*

*tion of both districts concerned, and* the balance of the tuition, after credit for taxes paid, shall be paid by the district from which the pupil is admitted \* \* \*."

It will be noted that two changes were made in the statute. The language "and is approved" was changed to "approval or disapproval shall be given" and the requirement of consultation with the boards of education was added.

According to the construction of the majority this amendment only added the requirement that the county superintendent of schools should consult with the school boards concerned before giving his approval to the entry of a pupil of one district into the school of another and that his approval remains as before an essential only to the fixing of liability for tuition. In other words it is the view of the court that the change in the language "and is approved by" to "approval or disapproval shall be given by" and the separation of the provision relating to tuition from that stating the necessity of approval by a comma and the co-ordinate conjunction "and" were without any purpose or effect. With this view I cannot agree. As I read the original statute it provided that if the application to attend school in another district was on the basis of convenience and was approved by the county superintendent, the home district should pay the tuition. As I read the amended statute it provides that if the application to attend school in another district is made on the basis of convenience it must be approved or disapproved by the county superintendent, and the tuition will be paid by the home district. In other words in the original statute the county superintendent's approval was a condition essential to fix liability for payment of tuition and in the amended statute it became a condition essential to the absolute right to attend school in a school district in which the pupil was not a resident.

The 1957 amendment to this statute should be given the same construction and for this reason, I believe, the judgment of the district court should be reversed.